SOLEBURY TOWNSHIP, Appellant

v.

SOLEBURY TOWNSHIP ZONING HEARING BOARD, Christopher Marschall and Meghan Marschall.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 8, 2006.

Decided Jan. 11, 2007.

---

Paul A. Logan, King of Prussia, for appellant.

William E. Benner, Doylestown, for appellees, Christopher and Meghan Marschall.

BEFORE: PELLEGRINI, Judge, and LEADBETTER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Solebury Township (Township) appeals from an order of the Court of Common Pleas of Bucks County (trial court) affirming the Solebury Township Zoning Hearing Board's (Board) grant of four variances from the requirements of the Township's zoning ordinance (Zoning Ordinance) to Christopher and Meghan Marschall (the Marschalls).

In 2005, the Marschalls purchased a 3.23–acre lot (Property) in the Limeport subdivision within Solebury Township for $360,000. The Property has several natural features including watercourses, woodlands and steep slopes. Under the Township's Zoning Ordinance, the Property is classified as "R–B/Residential Agricultural Zoning District," located within the Steep

Slope Conservation Overlay District,[1] adjacent to a Historic District.[2] Both of these "overlay" districts contain more stringent zoning rules, including a limitation on the disturbance of the slopes and buffer and setback requirements from the Historic District, which supersede the general zoning district's regulations.[3] Due to these overlay district regulations, the Property contains a conforming building envelope suitable for building a single-family dwelling that is only 3.9 percent of its total acreage.

The Marschalls desired to construct a 3,200 square foot single-family home with an attached garage and driveway on the Property. However, in order to construct a driveway leading to the dwelling, they would have to disturb the Steep Slope Area Class III slope area by 6.4 percent, and a portion of their garage would impinge in the Historic District buffer by 229 square feet. To construct their residence, the Marschalls applied to the Board to grant variances from Sections 1502 and 1505 (relating to the Steep Slope Overlay District standards), 1906 (relating to setbacks and buffer areas around villages on the national Register of Historic Places), and 1907 (relating to the buffer area and buffer strip standards for Historic Districts) of the Zoning Ordinance.

Before the Board, Mrs. Marschall testified that due to the Property's topography, a driveway to their proposed residence could not be constructed without impinging into the steep slope area. She further explained that the proposed design was comparable to the general style of other homes in the area, and that two neighboring homes were constructed within the historic buffer and setback.

Thomas Crews (Crews), a licensed surveyor retained by the Marschalls, testified that the Property's topography, coupled with the zoning regulations, rendered only a small triangular building envelope available to construct a residence. As a result, Crews testified that the placement of the driveway allowed for minimal disturbance of the steep slope area while still being safe and traversable, and that the minor encroachment of the corner of the garage into the Historic District was a product of the Property's topography.

Andrew Horn (Horn), a real estate title examiner, testified that prior to the Marschalls' purchase of the Property, it and an adjacent lot were possessed by the same landowner. Since 2002, though, different owners had held the two lots. Horn also testified that the parcels had always been separate, and no evidence suggested that they had merged. He also testified that the individual who sold the Property to the Marschalls had purchased it from the prior owner for $275,000 and transferred it to them the same day for $360,000.

Mr. Marschall testified that because of the natural features of the Property, its development would be impossible without the variances. He also admitted that when the Property was purchased, he knew that it would require variances to build the house and that he and his wife risked overpaying for the Property if the variances were not granted. The parties then stipulated that if called to testify, a township appraiser would state that the

1. Solebury Township Zoning Ordinance of 1988, Sections 1500–1505 (1988), *amended by* Ordinance 2005–006 (July 5, 2005).

2. Solebury Township Zoning Ordinance of 1988, Section 1906 (1988), *amended by* Ordinance 1995–157 (June 15, 1995).

3. Solebury Township Zoning Ordinance of 1988, Section 1501(C)(4)(a) (amended 1994).

fair market value of the Property without variance relief would be less that its purchase price.

Determining that the Marschalls adequately demonstrated that the Property was burdened by significant natural features which prevented the reasonable use of the property without the variance relief, the Board granted the requested variances. Specifically, it found that the Property housed only a small building envelope resulting from the regulated natural features and the Historic Overlay District, that the location of the steep slopes and watercourse prevented a location of the driveway where it would not encroach on the steep slopes, that the construction of the driveway upon the regulated steep slopes resulted in the permitted disturbance limitations as set forth by the Zoning Ordinance, and that the impingement in the historic buffer was minimal. Regarding whether the hardship was self-inflicted, the Board found:

> It is also the judgment of the Board that the applicants did not create this hardship merely by their purchase of the lot. Indeed, while the purchase price was significant, there was no evidence that the price grossly exceeded the cost of a comparable building lot elsewhere in Solebury Township. And while it is conceded that the purchase price paid exceeded the value of the property were the applicants be unable to construct a

residence on the property, that is not the test of a self-imposed hardship, but a fact which would apply universally to any residential building lot in any municipality.

(Board's November 23, 2005 Decision at 4).

The Township appealed the Board's decision to the trial court arguing that the Board erred in granting the variance because the hardship was self-inflicted, the variances were not the minimum relief necessary, and the Property had been extinguished as a separate building lot because it had been previously consolidated with an adjacent lot.

■ Not considering any further evidence, the trial court affirmed the Board's decision. In its 1925(b) opinion, addressing the self-inflicted hardship issue, it held that the hardship was not self-inflicted because it arose out of the Property's natural conditions, not the Marschalls' purchase of the lot, and they had requested variance relief because the lot's topography and the zoning regulations made it impossible to develop.[4] Because the Marschalls met their burden that the hardship was unique to the land, it affirmed the Board's decision. The instant appeal followed.[5]

■ The Township first argues that the Board erred in granting the Marschalls' variance relief because they failed to demonstrate that the Property suffered from an unnecessary hardship[6] based on

4. The trial court also determined that the Township had waived the issue that the variances were not the minimum necessary to afford relief because it failed to raise this matter before it. On the final issue of merger, the trial court concluded that the Property was never merged with the adjacent lot.

5. Our review in zoning cases where the trial court did not take any additional evidence is limited to determining whether the zoning hearing board committed an error of law or an abuse of discretion. *Southeastern Chester*

*County Refuse Authority v. Zoning Hearing Board of London Grove Township and London Grove Township*, 898 A.2d 680 (Pa.Cmwlth. 2006).

6. An unnecessary hardship will result if the variance is denied, (1) due to the unique physical circumstances or conditions of the property; (2) because of such physical circumstances or conditions the property cannot be developed in strict conformity with the provisions of the zoning ordinance and a variance is necessary to enable the reasonable use of

its unique physical circumstances or conditions. The Township, however, failed to raise this issue in the Statement of Matters Complained of on Appeal pursuant to Pa. R.A.P.1925(b).[7] Because issues not raised in a 1925(b) Statement are considered waived, *Caln Nether Company, L.P. v. Board of Supervisors of Thornbury Township*, 840 A.2d 484 (Pa.Cmwlth.2004), the Township has waived the issue of whether the Marschalls have demonstrated unnecessary hardship from the Property's unique physical characteristics, and it will not be addressed on appeal.

■ The Township next contends that the Marschalls "purchased with knowledge," i.e., that the Property was burdened by its topography and zoning, thus precluding them variance relief, because any hardship was self-inflicted. According to the Township, there can be no entitlement to a variance where the excessive purchase price for the land is based upon the speculation that relief from the existing zoning restrictions can be obtained. Because evidence showed that the Marschalls purchased the Property for a significant price with knowledge of its zoning restrictions and assumed that they would be granted variance relief, the Township maintains they suffered a self-inflicted hardship.

In *Marlowe v. Zoning Hearing Board of Haverford Township* 52 Pa.Cmwlth. 224, 415 A.2d 946 (1980), we addressed whether a variance could be denied because an applicant was aware of the land's features and zoning requirements when purchasing the property. In holding that the variance could not be denied, we stated:

[T]he mere fact that an applicant for a variance purchased the property with knowledge of the hardship does not alone preclude him from being granted the variance.

The mere fact that property changes hands after the adoption of zoning cannot be the basis for holding that no variance can thereafter be granted with respect to any matter of which the purchaser could be aware ... Because zoning considerations relate primarily to the circumstances of the property and not to the identity of the owners, it would seem that a subsequent purchaser can stand in the shoes of the original owner with respect to a variance, provided that the claimed hardship does not arise out of the purchase itself.

With respect to a landowner who purchases with knowledge of the property's

the property; (3) the hardship is not self-inflicted; (4) granting the variance will not alter the essential character of the neighborhood nor be detrimental to the public welfare; and (5) the variance sought is the minimum variance that will afford relief. Section 910.2 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, added by Section 89 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2. *See also* Section 2204 of the Zoning Ordinance. To establish an unnecessary hardship, an applicant must prove that either the physical characteristics of the property are such that the property could not be used for any permitted purpose or only for a permitted purpose at prohibitive expense or that the characteristics of the property are such that it would have no value or only distress

value for any use approved by the zoning ordinance. *Laurento v. Zoning Hearing Board of Borough of West Chester*, 162 Pa.Cmwlth. 226, 638 A.2d 437 (1994).

7. Pa. R.A.P. 1925(b) provides:

*Direction to file statement of matters complained of.* The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

condition and existing zoning restrictions, the hardship is deemed self-inflicted only where he has paid an unduly high price because he assumed the anticipated variance would justify the price, or where the size and shape of the parcel was affected by the transaction itself.

*Id.* at 950–951. (Citations omitted.)

More recently, in *Manayunk Neighborhood Council v. Zoning Board of Adjustment*, 815 A.2d 652 (Pa.Cmwlth.2002), we refined our holding stating:

> While older cases explain the "purchaser with knowledge" concept ..., more recent cases recognize that where hardship arises from intensity of restriction, the right to relief runs with the land ... Unless the hardship arises from the purchase itself, as where the purchase price was too dear, transfer of the property does not create the hardship ... Thus, pre-purchase knowledge of zoning restrictions limiting development, without more, does not create a hardship.

*Id.* at 657. (Citations omitted.)

The Township suggests that the Board and trial court's decision improperly focused on the principle that a transfer of property cannot create a self-imposed hardship and failed to place sufficient emphasis on whether the Marschalls paid a price for the property that exceeded its fair market value without the benefit of relief from applicable zoning restrictions. Assuming that this factor has the significance impugned to it by the Township, while Mr. Marschall testified that he risked overpaying for the Property if no zoning relief was granted, and that the Property's fair market value would have been less without zoning relief, this, by itself, does not establish that the Marschalls paid an unreasonably high price for the Property. The Township presented no quantification to demonstrate that $360,000 was overly excessive to pay for the lot in its restricted condition, and the Board determined that this price was comparable to a similar building lot elsewhere in Solebury Township. *See Searles v. Zoning Hearing Board,* 118 Pa.Cmwlth. 453, 545 A.2d 476 (1988) (self-inflicted hardship was not created because record lacked evidence that applicant for variance paid excessive price in expectation of receiving variance.)

Furthermore, as the trial court cogently explained, the Marschalls' purchase did not create a self-inflicted hardship forcing them to seek variances to recoup lost profits or to justify the purchase price. Instead, the evidence they advanced showed that variances were sought to overcome the hardships present from the Property's topography and location near the Historic District. Both Mr. and Mrs. Marschall explained that the natural features of the Property prevented the construction of their proposed dwelling, and Crews stated that without zoning relief, the Marschalls had only a small building envelope to construct a residence, a use that was otherwise permitted in the Property's zoning district. It is apparent that the hardship resulted from the natural conditions of the Property rather than by its purchase, and neither the Board nor the trial court erred in making this determination.

Accordingly, because the Marschalls' purchase of the Property did not generate a self-inflicted hardship, the order of the trial court is affirmed.

## ORDER

AND NOW, this 11th day of January, 2007, the order of the trial court is affirmed.