936 A.2d 1061

**A. Rhoades WILSON, Appellant**

v.

**PLUMSTEAD TOWNSHIP ZONING HEARING BOARD, Appellee.**

Supreme Court of Pennsylvania.

Argued April 17, 2007.

Decided Dec. 27, 2007.

418

Robert W. Gundlach, Kimberly A. Freimuth, Fox Rothschild, L.L.P., Warrington, for A. Rhoades Wilson, appellant.

Jonathan Joseph Reiss, John B. Rice, H. Peter Nelson, Grim, Biehn & Thatcher, P.C., Perkasie, for Bd. of Supervisors of Plumstead Tp., appellee.

BEFORE: CAPPY, C.J., CASTILLE, SAYLOR, EAKIN, BAER, BALDWIN and FITZGERALD, JJ.

## OPINION

Justice BALDWIN.

Appellant A. Rhoades Wilson (Wilson) appeals from the Commonwealth Court decision denying his application for a variance to use his property solely for an accounting office, and not operate the business as an accessory to a principal use as a residence. We affirm the decision of the Commonwealth Court.

Wilson owns a parcel of land, tax parcel number 34–34–12, that is approximately 2.54 acres and is located on U.S. Route 611 in an R–2 Residential Zoning District in Plumstead Township, Bucks County. In 2003, Wilson purchased the subject property aware of the R–2 zoning.[1] Wilson applied for and was granted a building permit after being informed by a zoning officer of the requirement to have a permit after he had begun renovations to the residence on the property. Despite the appearance that the renovations were for an office only, Wilson assured the building inspector that the building would be a residence with a home occupation, a use permitted in the R–2 Zoning District. Wilson was later issued an Enforcement Notice when it was discovered that after renovations were completed, he was impermissibly operating an office but not

1. Wilson testified that he "looked at the zoning," but said that he did not understand what was allowed under the property's Zoning District. Transcript of October 8, 2004 Court of Common Pleas Hearing (T.) at 40.

residing at the property. Wilson filed an application with the Zoning Hearing Board (ZHB) requesting a variance to use the property as an F3 Professional Office permitting him to operate his accounting business without living there. He did not appeal the Enforcement Notice. After a hearing, the Zoning Hearing Board denied Wilson's application for a variance, finding that the property could be reasonably used as a residence with a home occupation.

Wilson appealed, and the trial court held a hearing at which it took additional evidence.[2] The trial court found that the properties surrounding the Wilson property were "dissimilar," noting that within a one mile stretch of Route 611 the uses vary from a farm stand to a large shopping center. *Wilson v. Plumstead Twp. Zoning Hearing Bd.*, No. 2004–02496–18–5, slip op. at 4 (Court of Common Pleas of Bucks County Mar. 8, 2005) (Trial Court opinion). The trial court noted that south of the subject property was a parcel used by Carversville Plumbing, a contracting business operated from the owner's home, a church which holds religious services and has a day care facility, and a tree farm and nursery. The trial court found that just north of the property is a residence also used as a plumbing contractor, five parcels north is a residence also used as the headquarters of a concrete contractor, followed by a tavern, auto body shop, car dealer, bank, and a large shopping center. Trial Court opinion at 4–6. Across from the subject property, the trial court determined there is a farm with seasonal farm operations, a church, a residence also used as a landscaping business, a doctor's office, and a residence with the office of an excavation company. Trial Court opinion at 6–7.

**2.** Pursuant to 53 P.S. § 11005–A of the Municipalities Planning Code, in an appeal from a ZHB decision the trial court may hold a hearing to receive additional evidence:

If, upon motion, it is shown that proper consideration of the land use appeal requires the presentation of additional evidence, a judge of the court may hold a hearing to receive additional evidence. . . .

We agree with the Commonwealth Court that the trial court had the discretion whether to hold a hearing to take further evidence. *Wilson v. Plumstead Twp. Zoning Hearing Bd.*, 894 A.2d 845, 850 (Pa. Commw.Ct.2006).

Relying on *Valley View Civic Assoc. v. Zoning Bd. of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983) (*Valley View*) and *E. Torresdale Civic Assoc. v. Zoning Bd. of Adjustment,* 536 Pa. 322, 639 A.2d 446 (1994) (*E. Torresdale*), the trial court explained that to grant a variance, it had to find there was an unnecessary hardship unique to the subject property. Trial Court opinion at 10. The trial court so found, determining that due to the surrounding "dissimilar and disharmonious" uses and the location on Route 611, "mandating the Property be used for residential purposes is impractical." *Id.* at 11–12.

The Commonwealth Court reversed, finding fault with the trial court's use of the *Valley View* and *E. Torresdale* cases because both concerned applicants seeking a variance in Philadelphia. *Wilson,* 894 A.2d at 850. When the Court of Common Pleas takes additional evidence in an appeal from a ZHB decision, the appellate court's standard of review is making a determination as to whether that court's decision, and not the decision of the ZHB, is supported by the evidence and is free of legal error. *Robertson v. Henry Clay Twp. Zoning Hearing Bd.,* 911 A.2d 207, 208 n. 1 (Pa. Commw.Ct.2006), *alloc. denied,* 592 Pa. 792, 927 A.2d 626 (2007).

The Municipalities Planning Code (MPC) enables local municipalities to enact and enforce zoning ordinances. 53 P.S. § 10101 *et seq.* Philadelphia is not covered by the MPC and has enacted its own zoning ordinance. The MPC applies to Plumstead Township. 53 P.S. § 10107.

The Commonwealth Court described what it found to be the test for the grant of a variance in Philadelphia:

In Philadelphia, an applicant for a use variance must establish: (1) unique hardship to the property; (2) no adverse effect on the public health, safety or general welfare; and (3) that the variance will represent the minimum variance that will afford relief at the least modification possible.

*Wilson,* 894 A.2d at 850 (citing *E. Torresdale,* 536 Pa. at 324–25, 639 A.2d at 447). The test provided by the court for municipalities covered by the MPC was:

(1) an unnecessary hardship will result if the variance is denied, due to the unique physical circumstances or conditions of the property; (2) because of such physical circumstances or conditions the property cannot be developed in strict conformity with the provisions of the zoning ordinance and a variance is necessary to enable the **reasonable use of the property;** (3) the hardship is **not self-inflicted;** (4) granting the variance will not alter the essential character of the neighborhood nor be detrimental to the public welfare; and (5) the variance sought is the minimum variance that will afford relief.

*Wilson,* 894 A.2d at 850 (emphasis in original) (citing *Taliaferro v. Darby Twp. Zoning Hearing Bd.,* 873 A.2d 807, 811–12 (Pa.Commw.Ct.2005)).

■ The Commonwealth Court determined that Wilson did not meet the MPC standard for the grant of a variance, failing to show that he did not establish the unnecessary hardship or that he could not make reasonable use of the property without a variance. *Wilson,* 894 A.2d at 853–54. We affirm, based, however, on different reasoning.[3]

■ While we find that *Valley View* and *E. Torresdale* do not apply solely to Philadelphia zoning cases, but to zoning cases statewide, we do note that the Philadelphia Zoning Ordinance must be applied to cases located in Philadelphia and the MPC must be applied to cases located in municipalities covered by the MPC. Initially, we note that in *Valley View* this Court cited cases concerning zoning matters in Philadelphia and in other municipalities that are covered by the MPC when stating the rules for granting a variance.[4] Cases cited in *Valley View* for those standards include *Girsh Appeal,* 437 Pa. 237, 263 A.2d 395 (1970) (Delaware County); *Jasy Corp. v. Bd. of Adjustment,* 413 Pa. 563, 198 A.2d 854 (1963) (Montgomery

**3.** "[T]his Court may affirm on any ground." *Commonwealth v. Judge,* 591 Pa. 126, 916 A.2d 511, 517 n. 11 (2007).

**4.** In *E. Torresdale* this Court relied on the standards delineated in *Valley View. E. Torresdale,* 639 A.2d at 447–48.

County); *Peirce v. Zoning Bd. of Adjustment,* 410 Pa. 262, 189 A.2d 138 (1963) (Montgomery County); *McClure's Appeal,* 415 Pa. 285, 203 A.2d 534 (1964) (Delaware County); *Enokay, Inc.'s Application,* 407 Pa. 593, 181 A.2d 842 (1962) (Montgomery County); *Dishler v. Zoning Bd. of Adjustment,* 414 Pa. 244, 199 A.2d 418 (1964) (Montgomery County); *Nicholson v. Zoning Bd. of Adjustment,* 392 Pa. 278, 140 A.2d 604 (1958) (Lehigh County); *Avanzato Appeal,* 44 Pa.Cmwlth. 77, 403 A.2d 198 (1979) (Berks County); *Bd. of Commissioners of Upper Moreland Twp. v. Zoning Bd.,* 25 Pa.Cmwlth. 626, 361 A.2d 455 (1976) (Montgomery County); and *Haverford Twp. v. Zoning Hearing Bd. of Haverford,* 21 Pa.Cmwlth. 207, 344 A.2d 758 (1975) (Delaware County). *Valley View,* 462 A.2d at 640.

In *Valley View* we explained that:

The standards governing the grant of a variance are ... well settled. The reasons for granting a variance must be substantial, serious and compelling. The party seeking the variance bears the burden of proving that (1) unnecessary hardship will result if the variance is denied, and (2) the proposed use will not be contrary to the public interest. The hardship must be shown to be unique or peculiar to the property as distinguished from a hardship arising from the impact of zoning regulations on an entire district. Moreover, mere evidence that the zoned use is less financially rewarding than the proposed use is insufficient to justify a variance.

*Id.* (citations omitted).

Pursuant to the Philadelphia Zoning Ordinance, criteria to be considered in determining if a variance should be granted in that City include:

(a) that because of the particular physical surrounding, shape, or topographical conditions of the specific structure or land involved, a literal enforcement of the provisions of this Title would result in unnecessary hardship;

(b) that the conditions which the appeal for a variance is based are unique to the property for which the variance is sought;

(c) that the variance will not substantially or permanently injure the appropriate use of adjacent conforming property;

(d) that the special conditions or circumstances forming the basis for the variance did not result from the actions of the applicant;

(e) that the grant of the variance will not substantially increase congestion in the public streets;

(f) that the grant of the variance will not increase the danger of fire, or otherwise endanger the public safety;

(g) that the grant of the variance will not overcrowd the land or create an undue concentration of population;

(h) that the grant of the variance will not impair an adequate supply of light and air to adjacent property;

(i) that the grant of the variance will not adversely affect transportation or unduly burden water, sewer, school, park or other public facilities;

(j) that the grant of the variance will not adversely affect the public health, safety or general welfare;

(k) that the grant of the variance will be in harmony with the spirit and purpose of this Title, and

(*l* ) that the grant of the variance will not adversely affect in a substantial manner any area redevelopment plan approved by City Council or the Comprehensive Plan for the City approved by the City Planning Commission.

Philadelphia Zoning Ordinance § 14–1802(1).[5] Under the MPC:

The board shall hear requests for variances where it is alleged that the provisions of the zoning ordinance inflict unnecessary hardship upon the applicant. The board may by rule prescribe the form of application and may require preliminary application to the zoning officer. The board may grant a variance, provided that all of the following findings are made where relevant in a given case:

---

**5.** Additional criteria to be considered are delineated in § 14–1802(2)–(6).

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

(3) That such unnecessary hardship has not been created by the appellant.

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

53 P.S. § 10910.2(a).

 Both the Philadelphia Zoning Ordinance and the MPC require a showing of an unnecessary hardship due to the physical surrounding conditions.[6] Both have provisions that require that nearby property and the public welfare generally not be impaired.[7] Also, both require that the applicant for a variance not have created the hardship.[8] The *Valley View* and

6. See Philadelphia Zoning Ordinance § 14–1802(1)(a) and 53 P.S. § 10910.2(a)(1).

7. See Philadelphia Zoning Ordinance § 14–1802(1)(c), (e)-(j) and 53 P.S. § 10910.2(a)(4).

8. See Philadelphia Zoning Ordinance § 14–1802(1)(d) and 53 P.S. § 10910.2(a)(3).

*E. Torresdale* cases stand for the proposition that the requirements for the grant of a variance under the Philadelphia Zoning Ordinance and the MPC are coterminous in several respects. However, when confronted with whether a variance should be granted for a property located in Philadelphia, the Philadelphia Zoning Ordinance should be followed and similarly, when the property is located in a municipality covered by the MPC, the MPC should be followed.

Pursuant to the Plumstead Township Zoning Ordinance, uses permitted by right in an R–2 Residential District are general farming; agricultural retail; forestry/timber harvesting; detached dwelling; flexible lot size development; accessory dwelling; home occupations; accessory building, structure or use; cemetery; municipal use/municipal building; public recreational facility; and golf course. Uses permitted by conditional use include place of worship; school; library or museum; nursing home/personal care facility; community center; day care center; funeral home; and dwelling in combination with a business. Plumstead Township Zoning Ordinance, No. 01–09–18–1 (Zoning Ordinance), Article 8, R. 444a. A "home occupation" "must be conducted within an existing dwelling which is the bona fide residence of the principal practitioner or in an existing accessory building thereto that is normally associated with a residential use." [9] Zoning Ordinance, Article 3, R. 412a–413a.

Located on Wilson's property is a single family detached dwelling. The property fronts on three-lane Easton Road, U.S. Route 611, which provides ingress and egress. Vehicles travel that portion of Easton Road at speeds in excess of fifty miles per hour. As described by the Commonwealth Court:

Twenty properties on Route 611 are located within the R–2 District, and their uses include two churches, a legal non-conforming medical office, several residences without Home

**9.** The "dwelling in combination with a business" use is not applicable in the instant case. It is a "dwelling in combination" used "as an accessory use with an institutional, commercial, consumer service or office use that is permitted within the applicable district." Zoning Ordinance, Article 3, R. 443a.

Occupations, and several residences with Home Occupations. Among the already existing Home Occupations on Route 611 is a contracting, plumbing, and landscaping company. There are also a significant number of commercial uses outside the R–2 District area of Route 611, both above and below it, including a tavern, auto body shop, bank, excavation company, and shopping center.

*Wilson*, 894 A.2d at 847–48 (citation omitted).

The trial court listed the properties surrounding the Wilson property and those down Route 611 and determined that they are used for dissimilar purposes and employing the property for residential purposes is impractical. Trial Court opinion at 4–8, 11. What the trial court did not take into account was that several of the properties north of the Wilson property beginning north of Froman Excavation on one side of Route 611 and north of County Tavern on the other are in a commercial Zoning District. T. at 31.

Wilson testified that "[t]he property is not conducive to residential living or raising a family."[10] T. at 28. He said that he does not "enjoy living there because of traffic and traffic noises." *Id.* If granted the variance, Wilson "would not be subject to the accessory home office restrictions," "would be able to expand the use," and "would not continue to live there." T. 41. Wilson said that the prior and current owners of a property adjacent to his land "feel constrained in not being able to realize the true value of the property because of the zoning as set." T. 49.

Scott Leatherman, the Plumstead Township Code Enforcement Officer, who is the Building Inspector and Zoning Officer, testified that to the best of his knowledge, the uses of the properties depicted on Wilson's Exhibit AS–1, comply with their respective zoning designations.[11] T. 53, 67–68. The

10. After the ZHB decision, Wilson moved into the residence on the property in order to operate his accounting business as a conforming home occupation. T. 28, 30.

11. Wilson's Exhibit AS–1 admitted at the Court of Common Pleas hearing held on October 8, 2004 is a tax parcel map which includes Wilson's property and properties a distance north and south of his

surrounding properties include several residences, numerous home occupations where the owner/operator of a business runs it out of the same building as is their residence (permitted by right in an R–2 Residential District), and two churches (permitted by conditional use). The trial court determined that the area has dissimilar uses and was not conducive to residential use. The Commonwealth Court correctly noted that the R–2 Zoning District is not a "traditional residential" use, but "explicitly provides for uses that are not of a traditional residential nature" in this zoning district "specifically designed to provide for mixed uses." *Wilson*, 894 A.2d at 853.

Following the trial court's decision would result in an absurd holding that nowhere in Pennsylvania could there be mixed use zoning districts which include residential use on busy, and perhaps noisy, streets. Wilson has not shown that an unnecessary hardship will result if he is not granted a variance. The surrounding properties comply with the Zoning Ordinance. There has been no showing that there is a hardship "unique or peculiar to the property as distinguished from a hardship arising from the impact of zoning regulations on an entire district." *Valley View*, 462 A.2d at 640. See also *Bilotta v. Twp. of Haverford*, 440 Pa. 105, 270 A.2d 619, 620 (1970). Wilson admitted that someone else might be able to operate a home occupation from his property even though he did not wish to. T. 50. We therefore agree that Wilson's request for a variance should be denied.

■■■■ In the case at bar, in addition to holding that there is no unnecessary hardship, the Commonwealth Court held that Wilson created the hardship.

> [T]he claimed hardship was created by the purchase itself, not by the characteristics of the Property, and relates primarily to the identity of the owner. The hardship, which derives from Landowner's inability to utilize the Property solely as an office, was known or knowable at the time of purchase and prior to the renovations.... Landowner's

property on Route 611 and east and west one to two properties from Route 611. The map shows property lines and includes uses written on the map by Wilson.

claimed hardship does not derive from the inherent characteristics of the Property but, rather, from his personal desire to gain a greater use of the Property from the permissible and currently viable uses allowed in the R–2 District.

*Wilson,* 894 A.2d at 852. We have held that:

Mere economic hardship will not of itself justify a grant of a variance. The rule is particularly applicable to a purchaser who knew how his property was zoned at the time of purchase. Self-inflicted economic hardship is not justification for a grant of a variance.

*City of Pittsburgh v. Zoning Bd. of Adjustment,* 522 Pa. 44, 559 A.2d 896, 903 (1989) (citations omitted). A hardship arises from the purchase "where the purchase price was too dear" or "transfer of the property" created the hardship.[12] *Manayunk Neighborhood Council v. Zoning Bd. of Adjustment,* 815 A.2d 652, 657 (Pa.Commw.Ct.2003), *alloc. denied,* 574 Pa. 777, 833 A.2d 145 (2003).

With respect to a landowner who purchases with knowledge of the property's condition and existing zoning restrictions, the hardship is deemed self-inflicted only where he has paid an unduly high price because he assumed the anticipated variance would justify the price, or where the size and shape of the parcel was affected by the transaction itself.

*Marlowe v. Zoning Hearing Bd. of Haverford Twp.,* 52 Pa. Cmwlth. 224, 415 A.2d 946, 951 (1980). "Thus, pre-purchase knowledge of zoning restrictions limiting development, without more, does not create a hardship." *Manayunk Neighborhood Council,* 815 A.2d at 657.

In *Solebury Twp. v. Solebury Twp. Zoning Hearing Bd.,* 914 A.2d 972, 973–74 (Pa.Commw.Ct.2007), the Marschalls

---

12. An example of the purchase creating the hardship is where a lot is subdivided in the sale which creates physical features in the subdivided lot that is at issue. See e.g. *Jacquelin v. Zoning Hearing Bd. of Hatboro Borough,* 126 Pa.Cmwlth. 20, 558 A.2d 189, 192 (1989); *In re Appeal of Gregor,* 156 Pa.Cmwlth. 418, 627 A.2d 308, 312 (1993). A self-inflicted hardship will also be found if the property owner created the condition of the land due to neglect. *Arter v. Philadelphia Zoning Bd. of Adjustment,* 916 A.2d 1222, 1228 (Pa.Commw.Ct.2007).

purchased a 3.23 acre lot in Solebury Township desiring to construct a 3,200 square foot single-family home with an attached garage and driveway on the property. The slope of the land where the Marschalls wished to place a driveway was too steep and construction would impermissibly have disturbed the Steep Slope Area Class III by 6.4 percent. The Marschalls applied for a variance to enable the construction of the driveway despite the slope requirements in the Zoning Ordinance. *Id.* at 974. The Township claimed that the variance should not be granted because the hardship was self-inflicted as the Marschalls purchased the property with the desire to use it in a fashion not permitted by the zoning designation with knowledge of the zoning slope limitations. *Id.* at 975. The *Solebury Twp.* court rejected the Township's argument, holding that the hardship was not self-inflicted and the grant of a variance was not precluded. "It is apparent that the hardship resulted from the natural conditions of the Property rather than by its purchase." *Id.* at 977.

Wilson is alleging that the area where his property is located is not appropriate for residential living. This argument concerns the property and surrounding environment which was not created by his purchase. Consequently, the Commonwealth Court incorrectly held that because Wilson knew or should have known how the property was zoned, he has a self-inflicted hardship. If Wilson alleged, which he did not, that due to the price he paid for the property, he cannot obtain a reasonable use for it, he would have created the hardship. "A speculator who might buy the parcel for the purpose of commercial development without a zoning contingency speculates at his or her own risk." *ENF Family P'ship v. Erie County Bd. of Assessment Appeals,* 861 A.2d 438, 442 (Pa.Commw.Ct.2004), *alloc. denied,* 584 Pa. 681, 880 A.2d 1241 (2005) (citing *McClure's Appeal,* 415 Pa. 285, 203 A.2d 534 (1964)). A variance will not be granted because a zoning ordinance "deprives the landowner of the most lucrative and profitable uses." *Laurel Point Assoc. v. Susquehanna Twp. Zoning Hearing Bd.,* 887 A.2d 796, 803 (Pa.Commw.Ct.2005),

*alloc. denied,* 588 Pa. 766, 903 A.2d 1235 (2006) (citations omitted).

 A variance will not be denied because the use a purchaser wants for the property is not permissible under the zoning ordinance in effect at the time of purchase. To hold that a property owner cannot obtain a variance because he created the hardship when the hardship is due to the nature of the land or surrounding uses would mean that only the owner of the property owning it at the time the hardship was created can seek a variance.[13] This result is not intended by our zoning ordinances. While a purchaser who desires to use a property in a way not permitted by the applicable Zoning District purchases with the risk that a variance may not be granted and that use may not be allowed, the purchaser is certainly entitled to seek a variance and have one granted if the applicable test is met.

In summary, we hold that *Valley View* and *E. Torresdale* do not solely apply to Philadelphia cases. Wilson did not create the hardship due to his purchase of the property with knowledge of the Zoning District or his desire to use the property for an accounting office only.[14] We affirm the decision of the Commonwealth Court that Wilson should not be granted a variance. Jurisdiction is relinquished.

Chief Justice CAPPY and Justices SAYLOR, EAKIN, BAER and FITZGERALD join the opinion.

Justice CASTILLE dissents.

---

13. Of course, where the claimed hardship is due to the purchase price or is a result of the sale, this does not apply.

14. Wilson testified that he intended to have a home office on the property when he purchased it. Transcript of the Meeting of the Plumstead Twp. Zoning Hearing Bd. at 12.