IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elise Salahub, Harold Kreider, :
Heidi Bingeman, Daniel Kreider, :
Marilyn Tyson, and Dan Brickley, :
        Appellants :
 :
      v. : No. 1322 C.D. 2017
 : Argued: September 14, 2018
 :
North Cornwall Township :
Zoning Hearing Board :
 :
      v. :
 :
ROGC Golf Partners, L.P. :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge (P.)


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI           FILED: October 11, 2018


        Elise Salahub, Harold Kreider, Heidi Bingeman, Daniel Kreider, Marilyn Tyson and Dan Brickley (Objectors) appeal from an order of the Court of Common Pleas of Lebanon County (trial court) affirming the North Cornwall Township Zoning Hearing Board's (Board) decision granting a request by ROGC

Golf Partners, L.P. (Landowner)[1] for a use variance to operate a bowling alley as an accessory use on property which is already being utilized as a golf course. For the following reasons, we reverse.

**I.**

Landowner owns approximately 154 acres of land located at 3350 Oak Street in North Cornwall Township (Township), Lebanon County, Pennsylvania (Property). The Property is located within the Township's Agricultural Zoning District and contains an existing 18-hole golf course, a use permitted by special exception within the Township's Agricultural Zoning District pursuant to Section 200.C. of the Township's Official Zoning Ordinance (Ordinance).[2] (Reproduced Record (R.R.) at 5a-6a.) Section 440.E. of the Ordinance provides that:

> Golf courses may include the following accessory uses, provided such uses are responsibly sized, and located so as to provide incidental services to the golf course employees and users:
>
> 1. Clubhouse, which may consist of:
>
>> a. Restaurant, snack bar, lounge, and banquet facilities;

[1] Landowner filed a praecipe to intervene with the trial court and an appellate brief with this Court. The Board was precluded from filing briefs or presenting oral argument by an order of this Court dated March 16, 2018.

[2] Section 200.C. of the Ordinance provides that golf courses and driving ranges are uses permitted by special exception within the Agricultural Zoning District, subject to the requirements of Section 440 of the Ordinance.

2

b. Locker and rest rooms;

c. Pro shop;

d. Administrative offices;

e. Golf cart and maintenance equipment storage and service facilities;

f. Guest lodging for those using the golf course, provided:

• no lodging units have separate exterior means of ingress/egress;

• all lodging units shall be contained within the main clubhouse; and,

• such guest lodging shall have a total occupancy of no more than twenty (20) persons;

g. Fitness and health equipment, including workout machines, spas, whirlpools, saunas, and steam rooms;

h. Game rooms, including card tables, billiards, ping-pong, and, other similar table games; and

i. Baby-sitting rooms and connected fence-enclosed playlots.

2. Accessory recreation amenities located outside of a building, including:

a. Driving range, provided that no lighting is utilized;

b. Practice putting greens;

c. Swimming pools;

d. Tennis, platform tennis, handball, racquetball, squash, volleyball, and badminton courts;

e. Bocce ball, croquet, shuffleboard, quoits, horseshoe pits, and washer courses;

f. Picnic pavilions, picnic tables, park benches, and barbeque pits;

g. Hiking, biking, horseback riding and cross-country ski trails; and,

h. Playground equipment and playlot games, including 4-square, dodgeball, tetherball, and hopscotch.

3. Freestanding maintenance equipment and supply buildings and storage yards.

(R.R. at 10a-11a.) In accordance with the Ordinance, the Property's golf course is improved with accessory uses including a snack bar, lounge, banquet facility, pro shop, equipment maintenance facilities, driving range and practice putting greens.

John Caporaletti (Caporaletti), one of Landowner's general partners, is also a part owner of Cedar Lanes Bowling Alley (Bowling Alley) located at 1451 Quentin Road also located within the Township. The Bowling Alley was set to close for business and Landowner sought to move the Bowling Alley's fixtures, equipment and operations to an already existing steel-framed building on the Property. Under the Township Zoning Ordinance, a bowling alley is considered a commercial recreation facility and is not a permitted use – by right or by special exception – within the Agricultural Zoning District.[3] On December 30, 2015, Landowner filed a request with the Township that a bowling alley be permitted as

---

[3] Bowling alleys are permitted by right within the Township's Highway Commercial Zoning District and by special exception within the Planned Commercial Zoning District.

4

an accessory use to the existing golf course on the Property. By letter dated January 6, 2016, the Township Zoning Officer denied Landowner's request because under Section 440.E. of the Ordinance, a bowling alley is not an accessory use associated with a golf course. (R.R. at 16a.)

Landowner then appealed the Township Zoning Officer's determination to the Board and, in the alternative, requested a variance from Section 440.E. of the Ordinance to allow a bowling alley as an accessory use to the continuing golf course use at the Property.[4]

Before the Board, Caporaletti testified that the number of golf rounds played at the Property was down lessening its revenues. He stated that the Bowling Alley would be located in an already existing building on the Property currently used to store maintenance equipment. Caporaletti has been involved in the golf business for 30 years and stated that he is aware of other golf courses, outside of Pennsylvania, that incorporate bowling alleys as accessory uses in the winter. He testified that the Bowling Alley is busiest in the wintertime, when the golf course use is basically non-existent.

Darrin Armel (Armel), a partner and manager of the Bowling Alley, testified that the peak season for bowling is from Thanksgiving to April 15, with an

---

[4] Landowner's petition also requested a special exception to allow a bowling alley as an adaptive reuse of an agricultural building or a variance from Section 200.B. of the Ordinance to allow a bowling alley as a principal use at the Property. Landowner ultimately withdrew these two requests at the hearing before the Board.

average of 800 league bowlers per week. He testified that if the Bowling Alley were moved to the Property, it would have 20 lanes and would continue to abide by the current operating hours of Monday, Thursday and Sunday 9 a.m. to 9 p.m.; Tuesday and Wednesday 9 a.m. to 11 p.m.; and Friday and Saturday 9 a.m. to 1 a.m. Armel testified that Landowner's proposal includes sales of food and liquor at the Bowling Alley.

Mark Magrecki (Magrecki), principal registered landscape architect at Penn Terra Engineering, testified as an expert in land development and zoning. He stated that in his opinion, the Property is unique in that it is 154 acres developed mainly as a golf course, with "some weird shapes and places to it. . . ." (R.R. at 116a.) He further testified that Landowner has suffered an economic hardship as business has been down, and the requested variance is necessary in order to maintain the Property economically. Magrecki testified that it would be very hard to change the use of the Property from a golf course to something else given its size and the existing parking and infrastructure. He also testified that the requested variance would not alter the essential character of the neighborhood because Landowner would be locating the Bowling Alley within an existing building currently used for storage.

Objectors provided statements opposing the Bowling Alley on the Property because it was not an accessory use to the golf course but a commercial business use not permitted in an Agricultural Zoning District. They expressed concerns with the increased traffic volume and high speeds given the local farming use and that the Bowling Alley would further degrade the agricultural area.

6

Objectors stated that it was not the purpose of the Township or the Board to preserve the Bowling Alley or provide economic relief for the golf course because that was a business problem and not a zoning ordinance problem. Some expressed concern with the serving of alcohol and the potential trouble this could cause and increased security issues.

In its decision, the Board first upheld the Township Zoning Officer's determination that a bowling alley does not constitute an accessory use to the golf course pursuant to Section 440.E. of the Ordinance. However, the Board granted a variance to Landowner from Section 440.E. of the Ordinance to allow the Bowling Alley as an accessory use to the existing and continuing golf course located on the Property. It granted the use variance because there were unique physical circumstances or conditions peculiar to the Property, specifically, that the Property is unique in that it is 154-plus acres of land which was developed for a golf course making it difficult to change from a golf course to a different use; that a new building is not proposed but Landowner would place the Bowling Alley in an existing building; that the golf course needs to diversify in order to bring in additional income; and that the variance would not alter the essential character of the neighborhood. (Findings of Facts 17-25.)

Objectors appealed to the trial court, which affirmed, and this appeal followed.[5]

---

[5] Our standard of review in a zoning case where, as here, the trial court did not take any additional evidence, is limited to determining whether the Board abused its discretion or committed an error of law. *Marshall v. City of Philadelphia*, 97 A.3d 323, 331 (Pa. 2014) (citations omitted). An abuse of discretion will be found only if the Board's findings are not
**(Footnote continued on next page…)**

7

## II.

Objectors contend that the Board erred or abused its discretion in granting the use variance because Landowner failed to demonstrate that the Property could not be used as zoned to be entitled to a use variance. We agree.

A landowner seeking a variance bears a heavy burden of demonstrating substantial and compelling reasons for granting the variance. *Valley View Civic Association v. Zoning Board of Adjustment*, 462 A.2d 637, 640 (Pa. 1983) *(Valley View)*. Specifically, a landowner must show:

> (1) an unnecessary hardship stemming from unique physical circumstances or conditions of the property will result if the variance is denied; (2) because of such physical characteristics or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the ordinance; (3) the hardship has not been created by the applicant; (4) granting the variance will not alter the essential character of the neighborhood nor be detrimental to the public welfare; and (5) the variance sought is the minimum variance that will afford relief.

*Oxford Corporation v. Zoning Hearing Board of the Borough of Oxford*, 34 A.3d 286, 295 (Pa. Cmwlth. 2011) (citing Section 910.2 of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December

---

**(continued…)**

supported by substantial evidence, that is, such relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Lamar Advertising of Pennsylvania, LLC v. Zoning Hearing Board of the Borough of Deer Lake*, 915 A.2d 705, 709 n.9 (Pa. Cmwlth. 2007).

21, 1988, P.L. 1329, 53 P.S. § 10910.2). To establish the unnecessary hardship required for the grant of a use variance, a landowner must demonstrate that the physical characteristics of the property are such that it cannot be used for a permitted purpose, the cost to conform the property for a permitted purpose is prohibitive, or the property has no value for a permitted purpose. *Singer v. Philadelphia Zoning Board of Adjustment*, 29 A.3d 144, 151 (Pa. Cmwlth. 2011) (citation omitted).

Even assuming that a use variance is available to obtain an accessory use, Landowner failed to demonstrate an unnecessary hardship that would warrant a use variance for an accessory use that is not permitted in an Agricultural Zoning District. The Property is currently being used as a golf course, a permissible use in the Agricultural Zoning District pursuant to the Ordinance. The Property also currently contains multiple accessory uses that are permitted under the Ordinance, including a snack bar, lounge, banquet facility, pro shop, equipment maintenance facilities, driving range and practice putting greens. Landowner failed to show that the currently conforming golf course and accessory uses could not continue to be used as such or that it could not be used for another permitted use within the Agricultural Zoning District.

Moreover, Landowner's mere desire to maximize the potential use of the Property by converting the golf course's equipment maintenance facility, a permitted accessory use, to a revenue-generating bowling alley, a non-permitted accessory use, is not sufficient to establish unnecessary hardship. While a landowner "is not required to show that his or her property is valueless unless a

9

variance is granted, '[m]ere economic hardship will not of itself justify a grant of a variance.'" *Marshall v. City of Philadelphia*, 97 A.3d 323, 330 (Pa. 2014) (quoting *Wilson v. Plumstead Township Zoning Hearing Board*, 936 A.2d 1061, 1069 (Pa. 2007)). It is well established that "mere evidence that the zoned use is less financially rewarding than the proposed use is insufficient to justify a variance." *Marshall*, 97 A.3d at 330 (citing *Valley View*, 462 A.2d at 640); *see also Singer*, 29 A.3d at 151; *Wilson*, 936 A.2d at 1070 ("[a] variance will not be granted because a zoning ordinance deprives the landowner of the most lucrative and profitable uses"). Here, the only testimony and the only findings of fact made by the Board regarding hardship are those pertaining to economic hardship and Landowner's perceived need or ability to increase revenue for the Property.

Accordingly, because the Board erred in determining that Landowner met its heavy burden of establishing unnecessary hardship sufficient to warrant the grant of a use variance to operate a bowling alley as an accessory use to the golf course, the trial court's order is reversed.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elise Salahub, Harold Kreider,    :
Heidi Bingeman, Daniel Kreider,   :
Marilyn Tyson, and Dan Brickley,  :
           Appellants         :
                              :
          v.            : No. 1322 C.D. 2017
                              :
North Cornwall Township      :
Zoning Hearing Board         :
                              :
          v.            :
                              :
ROGC Golf Partners, L.P.     :

# **O R D E R**

AND NOW, this 11th day of October, 2018, the order of the Court of Common Pleas of Lebanon County in the above-captioned matter dated August 23, 2017, is reversed.

_____
**DAN PELLEGRINI**, Senior Judge