J-S04026-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TYREE MORRIS,<br>      APPELLANT | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL WISEMAN | : | |
| | : | No. 1986 EDA 2025 |

Appeal from the Order Entered June 16, 2025
In the Court of Common Pleas of Philadelphia County
Civil Division at No:  240502103

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY STABILE, J.:                **FILED MAY 27, 2026**

In this action for legal malpractice and other claims, Appellant Tyree Morris appeals from an order sustaining the preliminary objections of Appellee Michael Wiseman to the amended complaint and dismissing this action.  We affirm the dismissal of Appellant's claims of professional negligence, breach of fiduciary duty and negligent infliction of emotional distress.  We vacate the dismissal of Appellant's claim of breach of contract and remand for further proceedings on this claim alone.

Appellant was charged with multiple felonies in the Court of Common Pleas of Philadelphia County at CP-51-CR-12194-2015.  On August 26, 2016, a jury found him guilty of attempted murder, aggravated assault, rape, sexual assault and possession of an instrument of crime; two counts each of carrying a firearm without a license and carrying a firearm on public streets in Philadelphia; and three counts of carrying a firearm by a prohibited person.

The court of common pleas summarized the evidence against Appellant as follows:

> [Appellant] and the victim lived together at a home on 7432 Buist Avenue in Philadelphia, along with the victim's nine-year-old son from a previous relationship. The two had previously been in a romantic relationship for three years, but the relationship ended before they moved into the house. They slept in separate bedrooms.
>
> In the early morning hours of October 17, 2015, [Appellant] entered the victim's room while she was sleeping. [Appellant] woke her up and asked her if she was leaving him. When the victim said she was leaving him, [Appellant] punched her in the face. He then pulled out a gun, told the victim to turn around, and tied her wrists behind her back. [Appellant] told the victim that if she was not quiet, he would go upstairs and shoot her son. He then removed her underwear and anally penetrated her with his penis. After anally penetrating her, [Appellant] took the victim to the bathroom, wiped her off, and dressed her. Now back in the bedroom, [Appellant] told the victim to put her shoes on, and he put the gun on the bed. While [Appellant] was putting a shirt on, the victim was able to untie herself and ran out of the bedroom. Shortly after running out of the front door of the house, [Appellant], who was chasing her, shot his gun at the victim at least seven times. [Appellant] caught up to the victim across the street from their home, grabbed her and tried to shoot her. However, the gun did not fire. [Appellant] then started choking the victim and dragged her on the pavement behind a parked vehicle. [Appellant] continued strangling the victim until she passed out. Subsequently, [Appellant] fled the scene in his vehicle.

PCRA Court Opinion, 7/24/20, at 3-4.

On April 21, 2017, the court sentenced Appellant to an aggregate term of 25-50 years' imprisonment. Appellant filed a timely direct appeal and retained Appellee to represent him in the appeal. Subsequently, with Appellant's consent, Appellee filed an application to withdraw the direct

appeal. The application asserted that the issues that Appellant intended to raise were not cognizable on direct appeal but could be raised in a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. On December 13, 2017, this Court granted Appellant's application and dismissed the appeal.

On January 9, 2019, Appellee filed a PCRA petition. The PCRA court filed a notice of intent to dismiss the petition without a hearing. On February 20, 2020, the court dismissed the petition. Appellant timely appealed to this Court. On April 20, 2021, this Court affirmed the order of dismissal on the ground that the PCRA petition was untimely filed more than one year after Appellant's judgment of sentence became final. Appellee filed an application for reargument on behalf of Appellant. On May 25, 2021, this Court denied the application. On June 22, 2021, Appellee filed a petition for leave to appeal in the Pennsylvania Supreme Court. On January 4, 2022, our Supreme Court denied the petition. ***Commonwealth v. Morris***, 274 EAL 2021 (Pa. Jan. 4, 2022). On the same date, Appellee notified Appellant of the Supreme Court's order. ***See*** Appellant's Brief at 14-15. Appellant did not appeal to the United States Supreme Court.

Appellee did not represent Appellant further after the Supreme Court's January 4, 2022, order denying Appellant's petition for allowance of appeal. On February 11, 2022, Appellant filed a *pro se* PCRA petition seeking restoration of his PCRA rights and claiming that Appellee provided ineffective

assistance. The PCRA court granted Appellant's PCRA petition, reinstated Appellant's PCRA rights, and appointed new counsel. ***Commonwealth v. Morris***, 1953 EDA 2023, at 7 (Pa. Super., Oct. 16, 2024). Subsequently, the PCRA court denied PCRA relief, and this Court affirmed in a detailed 36-page memorandum. ***Id.***

On May 17, 2024, over two years after Appellee stopped representing Appellant, Appellant filed a civil complaint against Appellee. On February 26, 2025, Appellant filed an amended complaint raising claims against Appellee for negligence, breach of contract, breach of fiduciary duty and negligent infliction of emotional distress. Appellee filed preliminary objections to the amended complaint asserting that Appellant's claims failed to state a cause of action and that the gist of the action doctrine precluded Appellant's claim for breach of contract.

In the Factual and Procedural Background section of his preliminary objections, Appellee stated that Appellant filed his original complaint beyond the two-year statute of limitations. ***See*** Preliminary Objections To Amended Complaint, ¶ 1 ("[Appellant] filed this professional malpractice action on May 17, 2024, more than two years after [Appellee] last represented [Appellant] and beyond the statute of limitations for any such claim"). Appellee did not mention the statute of limitations again either in the claims section of his preliminary objections or in the discussion section of his supporting memorandum.

On June 16, 2025, the court entered an order sustaining Appellee's preliminary objections and striking all counts of the amended complaint. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues in this appeal:

(1). DID THE COURT SUSTAIN APPELLANT'S CLAIMS/COUNTS IN HIS CIVIL COMPLAINT ERRONEOUSLY?

(2). SHOULD APPELLANT BE ABLE TO PURSUE HIS CIVIL CLAIMS AGAINST HIS ATTORNEY UNDER A NEGLIGENCE CLAIM THAT HE FILED IN HIS AMENDED COMPLAINT?

(3). IS APPELLANT ALLOWED TO PURSUE ALL (5) FIVE OF HIS COUNTS IN HIS AMENDED COMPLAINT?

(4). DID [APPELLEE] BREACH HIS CONTRACT WITH APPELLANT WHEN HE FAILE TO PERFORM HIS DUTY OF FILING A TIMELY APPEAL FOR PETITIONER'S CRIMINAL CHARGES?

(5). DOES APPELLANT NEED TO FILE A COM (CERTIFICATE OF MERIT) WHEN THE ISSUE OF RESPONSIBILITY IS A MATTER OF COMMON KNOWLEDGE WITHIN THE KEN OF A LAYPERSON?

(6). SHOULD APPELLANT BE ABLE TO MOVE FORWARD IN HIS CIVIL COMPLAINT WHEN [APPELLEE] ADMITS THAT HE FAILED TO PERFORM HIS DUTY?

(7). DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IT SUMMARILY STRUCK ALL FIVE (5) COUNTS OF APPELLANT'S CLAIMS FROM HIS AMENDED COMPLAINT?

Appellant's Brief at 1 (cleaned up).

A trial court must resolve preliminary objections "solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered." *Poteat v. Asteak*, 350 A.3d 198, 201 (Pa. Super. 2025) (*en*

*banc*). Although affirmative defenses such as the statute of limitations generally should not be raised in preliminary objections, the trial court can sustain preliminary objections based on an affirmative defense when it is established on the face of the complaint. ***Sayers v. Heritage Valley Med. Grp., Inc.,*** 247 A.3d 1155, 1159 (Pa. Super. 2021).

Applying these standards, trial court properly dismissed Appellant's claims of professional negligence, negligent infliction of emotional distress and breach of fiduciary duty due to Appellant's failure to file his civil action within the two-year statute of limitations.

The trial court stated in its opinion:

> The counts of the Appellant's complaint all arise from the alleged professional negligence of the Appellee. However, the statute of limitations bars this Court from adjudicating the Appellant's case on the merits. The statute of limitations for all counts of the Appellant's complaint (save breach of contract) is two years. The underlying Complaint giving rise to this case was filed in May of 2024 and according to the record, the Appellant has represented himself since at least February of 2022, and the last record of the Appellee's legal services to the Appellant date back to 2021…
>
> The Appellant's additional counts for breach of fiduciary duty and emotional distress also arise from the underlying professional negligence claim, are also barred by a two year statute of limitations and are derivative of the professional negligence count and therefore are not claims for which relief may be granted. Appellant's professional negligence claim may well be valid and with merit; however, this Court is unable to rule on the merits of any of the Appellant's claims because of the applicable statute of limitations for each claim.

Trial Court Opinion, 11/13/25, at 2-3.

- 6 -

We agree with this analysis. The statute of limitations for professional negligence actions is two years. *See M.A. v. Brabender*, 839 A.2d 1133, 1136 (Pa. Super. 2003). The statute begins to run no later than the termination of the attorney-client relationship. *Id.* Here, the attorney-client relationship between Appellant and Appellee ended on January 4, 2022, the date the Supreme Court denied Appellant's petition for allowance of appeal. Appellant filed his action for professional negligence more than two years later, on May 24, 2024, thus running afoul of the statute of limitations.

Similarly, the statute of limitations for breach of fiduciary duty and negligent infliction of emotional distress is two years. *See Aquilino v. Philadelphia Catholic Archdiocese*, 884 A.2d 1269, 1275 (Pa. Super. 2005), *abrogated on different grounds by Nicolaou v. Martin*, 195 A.3d 880 (Pa. 2018). The trial court held correctly that these claims are time-barred.

We acknowledge that several exceptions exist to the statute of limitations that can save suits that otherwise would be untimely. For example, the discovery rule tolls the statute of limitations when an injury or its cause is not reasonably knowable. *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 247 (Pa. 2021). In addition, the fraudulent concealment rule bars the defendant from invoking the statute when, through fraud or concealment, he causes the plaintiff to relax his vigilance or deviate from his right of inquiry. *Id.* at 248. These doctrines are inapplicable here, however, since Appellant admits that Appellee notified him on January 4, 2022, of the Supreme Court's

decision, and the record demonstrates that Appellee did not represent Appellant thereafter.

The fact that Appellee failed to develop any statute of limitations argument in the trial court, other than a passing reference in the Factual and Procedural Background of his preliminary objections, does not prevent us from affirming on the basis of the statute of limitations. Our Supreme Court has made clear that "a correct decision will be sustained" in an appeal "if it can be sustained for any reason whatsoever…" ***Sherwood v. Elgart***, 117 A.2d 899, 901 (Pa. 1955); ***see also Wilson v. Plumstead Tp. Zoning Hearing Bd.***, 936 A.2d 1061, 1065 n.3 (Pa. 2007) ("[t]his Court may affirm on any ground"). Nor does Appellee's failure to develop the statute of limitations argument below preclude him from advancing a statute of limitations argument in this Court. As the prevailing party below, Appellee is free to pursue any argument here that he failed to develop in the trial court. ***See Bold v. Department of Transportation, Bureau of Driver Licensing***, 320 A.3d 1185, 1191 n.4 (Pa. 2024) ("as Appellee, PennDOT is free to pursue an argument it neglected below").

We do not agree, however, with the trial court's decision to dismiss Appellant's claim of breach of contract. The trial court stated:

> Though the Statute of Limitations for Breach of Contract is four years, the Appellant has failed to present this Court with any written contract. The only sign of a contract is the implied obligation of the Appellee to exercise due care and provide reasonable criminal representation to the Appellant. The Appellant's grievances arise from alleged failures by the Appellee

to fulfill his professional obligations and are tortious, not contractual, in nature. Rephrasing the alleged breach of duty of care by the Appellee as a contractual failure does not give rise to additional causes of action. This Court believes that regardless of the merits of the Appellant's allegations against the Appellee, the four year statute of limitations for breach of contract claims is not valid and that the two year statute of limitations for professional liability is the applicable statute of limitations.

Trial Court Opinion, 11/13/25, at 3. In essence, the court determined that the gist of Appellant's action sounded in tort, and therefore Appellant could not pursue an action for breach of contract.

Two *en banc* panels of this Court have held that contract claims are not subject to the gist of the action doctrine, and therefore the gist of the action doctrine "does not extinguish contractual rights, simply because the defendant's conduct may also be a tort." **Poteat**, 350 A.3d at 202; **Swatt v. Nottingham Village**, 342 A.3d 23, 51 (Pa. Super. 2025) (*en banc*). "[T]he gist of the action doctrine does not allow a trial court to convert a breach of contract claim into a tort action and then dismiss the claim based on the statute of limitations." **Poteat**, 350 A.3d at 202. Appellant alleged in his amended complaint that Appellee breached a written retainer agreement by not protecting Appellant's legal rights "while taking his money which was not earned…" Amended Complaint at ¶ 35. The trial court erred by converting this claim for breach of contract into a tort claim and then dismissing this claim based on the statute of limitations applicable to negligence actions. **Poteat**, 350 A.3d at 202 (vacating order sustaining preliminary objections and dismissing complaint where trial court converted contract claim into tort claim

under gist of the action doctrine and dismissing contract claim under statute of limitations).

For these reasons, we affirm the order dismissing Appellant's claims for professional negligence, breach of fiduciary duty and negligent infliction of emotional distress. We vacate the order dismissing Appellant's claim for breach of contract and remand for further proceedings on this claim.

Order affirmed in part and reversed in part. Case remanded for further proceedings in accordance with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: May 27, 2026