606 A.2d 1247

**EAST TORRESDALE CIVIC ASSOCIATION, Appellant,**

v.

**ZONING BOARD OF ADJUSTMENT OF PHILADELPHIA COUNTY and City of Philadelphia and Robert Bruce Drysdale, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1991.

Decided April 3, 1992.

Reargument Denied June 15, 1992.

36

Richelle D. Hittinger, for appellant.

Marjorie Stern Jacobs, Divisional Deputy City Sol., for appellees Zoning Bd. of Adjustment of City of Philadelphia and City of Philadelphia.

Frederick S. Patti, for intervening appellee Robert Bruce Drysdale.

Before SMITH and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

East Torresdale Civic Association (Association) appeals from an order of the Court of Common Pleas of Philadelphia County which denied its appeal and affirmed the grant

of a variance to Dr. Robert Drysdale (Dr. Drysdale) by the Zoning Board of Adjustment of Philadelphia County (ZBA).

Dr. Drysdale is a dentist who owns a residential structure located at 9521–23 Frankford Avenue in the City of Philadelphia. The residence is a two-story detached Cape Cod style structure originally built as a single-family dwelling. The block on Frankford Avenue in which the property is located is completely residential. For the past nineteen years, Dr. Drysdale has used the property as his dental office. He has never resided at the property. The property is classified as an R–5 Residential District which, pursuant to Section 14–206 of the Philadelphia Zoning Code (Code), permits only single-family occupancy in detached or semi-detached structures. The practice of dentistry is permitted in the district pursuant to Section 14–203(1)(c) of the Code, provided that the office is situated in the dwelling of the practitioner, is incidental to the main purpose of the residence, has no more than one assistant regularly employed, and is not used by any colleague or associate.

On May 17, 1989, Dr. Drysdale filed an application for a variance with the Department of Licenses and Inspections (L & I). The application proposed that the property be used as a one-family dwelling and dental office with two dentists, one of whom would reside on the property, with an accessory sign and off-street parking. Dr. Drysdale did not dispute that his proposed use of the property did not fall within Section 14–203(1)(c) of the Code and a variance was required if his dental practice was to continue at that location. L & I refused the request, because the subject property was located in a zoning district where the proposed use was not permitted.

Dr. Drysdale filed an appeal from L & I's refusal and a public hearing was held. After the hearing, the ZBA granted the variance to Dr. Drysdale, with the added condition that only one dentist and one dental assistant be at the dental office at any one time. The ZBA based its determination on the evidence presented at the hearing which indicated that a hardship unique to the property existed.

Specifically, the ZBA found that the property had been utilized as a dental office for nineteen years, and extensive costs would be incurred to renovate the building for residential use. Additionally, the characteristic of the property indicated a hardship because it was located on a heavily travelled highway and was adjacent to another dental practice. The ZBA further determined that Dr. Drysdale had demonstrated that the variance would not adversely affect the public health, safety, or general welfare of the community, and would provide the community with necessary and beneficial services.

The Association filed an appeal with the Court of Common Pleas of Philadelphia County which affirmed the ZBA's determination. The Association then filed the present appeal from the trial court's decision contending that the ZBA erred by granting the variance, because Dr. Drysdale's property has a valid use under existing zoning classification as a residence and one practitioner dental office.[1]

Section 14–1802 of the Code sets forth twelve criteria which the ZBA must consider when granting a variance.[2]

1. Our scope of review in zoning cases where the trial court took no additional evidence is limited to determining whether the ZBA abused its discretion or committed an error of law. *Goodman v. Zoning Board of Adjustment of the City of Philadelphia,* 132 Pa.Commonwealth Ct. 298, 572 A.2d 848 (1990).

2. Section 14–1802 of the Code provides that:
(1) the Zoning Board of Adjustment shall consider the following criteria in granting a variance under § 14–1801(1)(c):
(a) that because of the particular physical surrounding, shape, or topographical conditions of the specific structure or land involved, a literal enforcement of the provisions of this Title would result in unnecessary hardship;
(b) that the conditions upon which the appeal for a variance is based are unique to the property for which the variance is sought;
(c) that the variance will not substantially or permanently injure the appropriate use of adjacent conforming property;
(d) that the special conditions or circumstances forming the basis for the variance did not result from the actions of the applicant;
(e) that the grant of the variance will not substantially increase congestion in the public streets;
(f) that the grant of the variance will not increase the danger of fire or otherwise endanger the public safety;

All of the criteria fall within one of two key requirements for a variance: (1) that the property is subject to an unnecessary hardship under the existing zoning classification; and (2) that the grant of a variance will not be injurious to the public health, safety and welfare. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

 Unnecessary hardship may be established by proving that the physical characteristics of the property are such that the property cannot be used for any permitted purpose or could only be used for such purpose at prohibitive expense, or that the characteristics of the area are such that the property either has no value or only distress value for any purposes permitted by the Code. *Vanguard Cellular System, Inc. v. Zoning Hearing Board of Smithfield Township,* 130 Pa.Commonwealth Ct. 371, 568 A.2d 703 (1989). The use of adjacent and surrounding land is relevant in evaluating hardship. *Valley View Civic Association.*

 The evidence of record indicates that Dr. Drysdale's property can be used as a single-family residence with or without a one practitioner dental office consistent with the Code zoning requirements. The house was originally built as a single-family residence and was used for that purpose until rented by Dr. Drysdale during the 1970's. Additionally, a real estate appraiser testified that the property was

(g) that the grant of the variance will not overcrowd the land or create an undue concentration of population;

(h) that the grant of the variance will not impair an adequate supply of light and air to adjacent property;

(i) that the grant of the variance will not adversely affect transportation or unduly burden water, sewer, school, park or other public facilities;

(j) that the grant of the variance will not adversely affect the public health, safety or general welfare;

(k) that the grant of the variance will be in harmony with the spirit and purpose of this Title, and

(*l*) that the grant of the variance will not adversely affect in a substantial manner any area redevelopment plan approved by City Council or the Comprehensive Plan for the City approved by the City Planning Commission.

valuable as he appraised the property at a market value of $150,000 based upon comparable sales of residential properties in the immediate area. (Notes of Testimony at 51a.)

Regarding the the use of the surrounding and adjacent area, the Streets and Traffic Chairman of the Association testified that approximately three blocks north and four blocks south of Frankford Avenue from where Dr. Drysdale's property is located, is residential, and heading east from Dr. Drysdale's property, there is one long residential block connecting with other residential streets. (Notes of Testimony at 45a.) The Chairman also submitted into evidence pictures of the surrounding residential area in support of his testimony. Nonetheless, relying on the holding in *Valley View*, Dr. Drysdale argues that because there is considerable commercial business some blocks away from his property on Frankford Avenue, he is entitled to a variance.

However, in *Valley View*, the three-story detached house which the owner desired to convert into a take-out sandwich shop and two-family dwelling was literally situated between a 24–hour convenience store and a gas station. Across the street was a bank, retail tire store, four garages, and an office and a cocktail bar. Because our Supreme Court found that there were extensive commercial uses in the immediate vicinity, the owner's property was deemed unusable and of scant value for traditional residential purposes. In this case, although there was testimony indicating that there are commercial businesses on Frankford Avenue, those businesses are approximately one-half mile away in either the north or south direction. The immediate area surrounding Dr. Drysdale's property is residential.

■ Dr. Drysdale also points out that a piece of property adjacent to his is owned by another dentist, Dr. Checchio, who lives in his residence and operates his dental office, and was granted a variance allowing another dentist to practice with him in contravention of the Code requirement that only one dentist and one assistant be permitted for a "home occupation." As such, Dr. Drysdale argues that he is also

entitled to a variance.[3] Whether the ZBA may have improperly granted a variance to Dr. Checchio is not an issue before us, because the granting of that variance was not appealed to this court. Moreover, a variance is not required to be granted merely because the ZBA previously granted a similar variance which may or may not be in error. *In re Appeal of deBotton*, 81 Pa.Commonwealth Ct. 513, 474 A.2d 706 (1984). A grant of one variance cannot support the grant of another variance, even if the first variance was granted in the same block or vicinity. *Heller v. Zoning Board of Adjustment of City of Philadelphia*, 404 Pa. 8, 171 A.2d 44 (1961).

Consequently, because Dr. Drysdale has failed to prove that he will suffer a hardship if the variance is not granted, the trial court erred by affirming the decision of the ZBA. Accordingly, the decision of the trial court is reversed.[4]

SMITH, J., dissents.

## ORDER

AND NOW, this 3rd day of April, 1992, the order of the Court of Common Pleas of Philadelphia County, dated March 4, 1991, No. 4995, is reversed.

---

**3.** As noted, the proposed dentist office was not incidental to the main purpose of the dwelling because Dr. Drysdale would not reside in the residence and operate the dental office.

**4.** Because we have determined that Dr. Drysdale has not proven a hardship, we need not address the issue of whether the grant of a variance would be injurious to the public health, safety and welfare.