639 A.2d 446

EAST TORRESDALE CIVIC ASSOCIATION, Appellee,

v.

ZONING BOARD OF ADJUSTMENT OF PHILADELPHIA COUNTY and City of Philadelphia, Appellees,

v.

Robert Bruce DRYSDALE, Appellant.

Supreme Court of Pennsylvania.

Argued Dec. 6, 1993.

Decided March 24, 1994.

Reargument Denied May 23, 1994.

Frederick S. Patti, Marjorie Stern Jacobs, Philadelphia, for R. Drysdale.

Richelle D. Hittinger, Philadelphia, for East Torresdale Civic Ass'n.

Cheryl L. Gaston, Philadelphia, for Zoning Bd.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This is a zoning case. The underlying facts are as follows. On August 28, 1989, the Philadelphia Zoning Board of Adjustment ("ZBA") granted Appellant, Dr. Robert Bruce Drysdale, a dentist, a zoning variance with a "proviso." The variance concerned the use of property located at 9521–23 Frankford Avenue in Philadelphia owned by Dr. Drysdale. It is a two-story detached Cape Cod style structure originally built as a single family residence. The property is located in an R–5 Residential District which, pursuant to § 14–206 of the Philadelphia Zoning Code, permits only single-family occupancy in detached or semi-detached structures. The practice of dentistry is permitted in the district pursuant to § 14–203(1)(c) of the Zoning Code, provided that the office is situated in the dwelling of the practitioner, is incidental to the main purpose of the residence, has no more than one assistant regularly employed, and is not used by any colleague or associate.

Dr. Drysdale had to seek a variance from the ZBA after the City Department of Licensing and Inspections cited his property as being in non-compliance with the R–5 zoning designation for the subject premises. The Department's citation was prompted by a request for a separate variance by the owner of adjacent property, one Dr. Checchio—also a dentist with a practice. Dr. Drysdale's dental practice at the subject property dates back to 1970, when he leased a portion of the building from the then owner. In 1980, Dr. Drysdale purchased the building, and since that time the building has *not* been used as a single family residence, although Dr. Drysdale has main-

tained his dental practice there—clearly in violation of the zoning code.

Dr. Drysdale's property has a frontage of approximately 54 feet on Frankford Avenue, a heavily travelled four-lane thoroughfare and commercial artery connecting Philadelphia with Bucks County. The block on Frankford Avenue on which the property is located is completely residential. However, within a mile of the subject property along Frankford Avenue are located various commercial and non-residential land uses. The properties on the streets east of Frankford Avenue and to the rear of the subject property are residential, and a playground is located across the street.

The cost of converting the subject property in order to make it conform to the present zoning regulations of the neighborhood would be minimal as compared to the cost of Dr. Drysdale losing the property and his practice. The conversion involved would entail alterations to the house for the addition of a kitchen and living space, but the expenses would be minimal only if enough additional space was created for one person (not for Dr. Drysdale and his family of seven). The expert testimony at the ZBA hearing indicated that in order to make conversions to enable Dr. Drysdale and his entire family to live on the premises, the cost would be prohibitive. In light of this evidence, the ZBA granted a variance for use of the subject property as a one-family dwelling and dental office with two dentists, one of whom would reside on the premises. The variance was accompanied by a "proviso" that a maximum of one dentist and one assistant could be at the subject property at any one time. This variance accompanied by the "proviso" represents a very minimal divergence from the governing R–5 zoning ordinance.

It was part of the ZBA's function here to determine whether the evidence satisfied the criteria for granting a variance. Section 14–1802(1) of the Zoning Code sets forth the specific criteria which the ZBA must consider. The criteria can be boiled down into three key requirements, that of: 1) unique hardship to the property; 2) no adverse effect on the public health, safety or general welfare; and 3) the variance will

represent the minimum variance that will afford relief at the least modification possible. The instant record clearly establishes compliance with these criteria and, on review, the Court of Common Pleas of Philadelphia so held in upholding the decision of the ZBA.

The Commonwealth Court reversed (Judge Smith dissenting) 147 Pa.Cmwlth. 35, 606 A.2d 1247. That court summarily concluded that Dr. Drysdale had not proven that he would suffer a hardship if the variance here were not granted. Because the Commonwealth Court decision seemed so at odds with past directions this Court has laid down concerning the proper scope of review of zoning board decisions in *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637, we granted allocatur.

In *Valley View, supra*, we held:

> Since no additional evidence was presented subsequent to the Board's determination, the scope of our review is limited to determining whether the Board committed a manifest abuse of discretion or an error of law in granting the instant variances. (Citations omitted).

501 Pa. at 554, 462 A.2d at 639 (1983).

This is, of course, the scope of review that must apply to the Commonwealth Court as well. Here, there clearly was no error of law. There was no manifest abuse of discretion either. On these facts, it was perfectly reasonable to conclude that Dr. Drysdale showed that he would suffer harm without the variance. One might disagree with that conclusion, but the ZBA's conclusion was within the bounds of reason and therefore represented a sound exercise of discretion. The Commonwealth Court's decision indicates no evidence to the contrary. There was no abuse of discretion here. It was error, therefore, for the Commonwealth Court to substitute their judgment on the merits for that of the Zoning Board. Doing so was beyond the scope of their power to review.

The decision of the Commonwealth Court is reversed.

326

LARSEN and MONTEMURO, JJ., did not participate in the consideration or decision of this matter.

ZAPPALA, J., concurs in the result.