# Stones v. Philadelphia Zoning Bd. of Adjustment

*Richard C. DeMarco*, for plaintiff.
*William H. Ewing,* for defendant.

FOX, *J.*, August 30, 2010—Theodore Stones (appellant) has filed an appeal from the decision of the Zoning Board of Adjustment (ZBA) which granted certain variances to the intervenor, Stanley Smith (Smith) which allowed for the combination of two lots into one for the use of a private penal facility at 4969 Wakefield Street ("Property").

## STATEMENT OF FACTS

In May 2009, an agent for Smith applied to the Department of Licenses and Inspection (L&I) for a zoning and use registration. The application was denied because a private penal facility is not permitted in the district in which the property located and multiple structures are not permitted on the lot in question. The property is located partially in an area zoned R-5 residential and partly in an area zoned R-9A residential. An appeal was taken to

the ZBA. A public hearing was conducted on September 23, 2009. The intervenor presented testimony from the developer, the owner, the Executive Director of New Directions for Women (the proposed operator of the penal facility) and an attorney for the same organization. Appellant herein and a Karen Arthur testified in opposition to the application.

The property is located in an area with numerous abandoned and vacant properties. It is located within 500 feet of a playground. The property is currently not in use and has not been in use for sometime. The developer testified that he had tried to develop the property without success for at least four years. The property is in bad condition. It previously had been used as a factory and a storage facility.

The proposed operator of the private penal facility is New Directions for Women. The proposal is to establish a location as an alternative to incarceration for twenty-five to thirty women who have been convicted of non-violent, low level criminal offenses. New Directions has been in existence for about twenty years and has established a good and reputable reputation in the community without complaint. The organization has a facility near the property in question and has worked closely with the local police district. During its years of operation no complaints have been received about the facilities operated by New Directions. The ZBA received a letter of support from the local councilperson, Donna Reed-Miller, as well as the Wakefield 49ers Community Improvement Association.

The appellant herein and Ms. Arthur presented a petition signed by individuals residing on the same block as the property in question. Appellant expressed concerns as to

the proximity of this proposed penal facility to the existing playground. He further testified that neighbors have had problems in the past with drug dealing at the playground as well as other disruptions caused by individuals using the playground. Appellant believes that the use of the property as a penal facility would further exacerbate these problems. He expressed concern that "group-type facilities" such as the one proposed herein, have inundated the neighborhood. Appellant is concerned about the increased use of the property and the potential of increased traffic on the block. The City Planning Commission recommended that the variance not be granted because the proposed use is inappropriate in a predominantly residential area.

The ZBA granted the variances as requested, finding that the intervenor met its burden of proving that a literal enforcement of the code would create an unnecessary hardship in light of the size and shape of the structure thereon, the location and the configuration of the lots. Appellant filed this timely appeal. Briefs were submitted and the court heard oral argument.

## DISCUSSION

The standard of review is deferential to the ZBA. Where no further evidence is gathered, the court limits its scope of review of the ZBA to "whether the board committed a manifest abuse of discretion or an error of law..." *Valley View Civic Ass'n. v. Zoning Bd. of Adjustment*, 501 Pa. 550, 554, 462 A.2d 637, 639 (1983). The board commits an abuse of discretion if its decision is not based upon "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 555, 462 A.2d at 640. When the reviewing court considers no further evidence, "questions of credibility and evidentiary weight

34

are solely the province of the zoning hearing board." *Whitpain Township Bd. of Supervisors v. Whitpain Township Zoning Hearing Bd.*, 121 Pa. Commw. 418, 426, 550 A.2d 1355, 1359 (1988). Thus, it is the ZBA who establishes whether relevant evidence exists to meet all the necessary factors. The reviewing court does not alter the board's conclusion unless it is not supported by substantial evidence. *Valley View Civic Ass'n*, at 559, 462 A.2d at 642.

The ZBA may grant a variance if there is no conflict with the public interest and if the circumstances of the area are such that a "literal enforcement of the provisions of this [Code] would result in unnecessary hardship." Philadelphia, Pennsylvania, Zoning Code § 14-1801(1). The burden is on the party seeking the variance. A variance is granted only if the reasons are "substantial, serious and compelling." *Valley View Civic Ass'n.*, at 555, 462 A.2d at 640. The three key requirements set forth by § 14-1802(1) of the Code are: "1) unique hardship to the property; 2) no adverse effect on the public health, safety or general welfare; and 3) the variance is the minimum necessary to afford relief." *E. Torresdale Civic Ass'n v. Zoning Bd. of Adjustment*, 536 Pa. 322, 324, 639 A.2d 446, 447 (1994).

Hardship is proven by showing that "(1) the physical features of the property are such that it cannot be used for the permitted purpose; or (2) that the property can be conformed for a permitted use only at a prohibitive expense; or (3) that the property has no value for any purpose permitted by the zoning ordinance." *Hertzberg v. Zoning Bd. of Pittsburgh*, 554 Pa. 249, 257, 721 A.2d 43, 47 (1998) (citing *Allegheny W. Civic Council v. Zoning Bd. of Pittsburgh*, 547 Pa. 163, 168, 689 A.2d 225, 227

(1997). The party seeking the variance must also prove that the hardship is "unique or peculiar to the property as distinguished from a hardship arising from the impact of zoning regulations on an entire district." *Valley View Civic Ass'n*, at 555, 462 A.2d at 640. When deciding whether to grant a variance, all evidentiary factors as a whole must be taken into consideration, including "relationship to adjacent structures, as well as the surrounding neighborhood." *W. Cent. Germantown Neighbors v. Zoning Bd. of Adjustment*, 827 A.2d 1283, 1288 (Pa. Commw. Ct. 2003).

The intervenor established to the ZBA that the property at issue is unique both as to the existing structures and physical configuration of the lots. Further, the testimony presented established that the property is currently vacant and not in use; and attempts to develop it have been unsuccessful for at least the last four years. Clearly, the ZBA had substantial evidence to find the hardship requirement. Although the appellant raised concerns regarding the use of this facility as a private penal facility, the ZBA received extensive evidence regarding the history of the organization that will operate this facility, New Directions for Women. This is an existing entity with a history of operating similar type facilities in the city of Philadelphia and specifically in the area in question with no problems and/or complaints. There is currently an overwhelming need for this type of facility in the city of Philadelphia. The facility would be monitored and secured with a population of non-violent, female low-level criminal offenders.

The ZBA is required to weigh the evidence before it and to determine the impact of the proposed use on the community. Although the appellant and the neighbors who signed the petition objecting to the variances, had

concerns that this facility would exacerbate existing problems in the community, the ZBA's conclusions to the contrary are supported by substantial evidence. The ZBA's findings and conclusions that the variances will not have an adverse effect on the community is supported by substantial evidence.

The ZBA also found that the record as a whole established that that the requested variances are the minimum necessary to provide relief to the intervenor/applicant given the lot size and shape, the prior use of the property and the physical structure of the existing buildings. This court finds that the ZBA's conclusions are based on substantial evidence.

## ORDER

And now, August 30, 2010 upon consideration of the appeal filed by Theodore Stones from the decision of the Philadelphia Zoning Board of Adjustment, the ZBA findings and conclusions, the briefs submitted by the parties and after oral argument, it is hereby ordered and decreed that the appeal is denied. The decision of the zoning board of adjustment is affirmed.

## ADDENDUM TO OPINION

Theodore Stones has appealed this court's order of August 30, 2010, which affirmed the zoning board of adjustment.

The basis for this court's decision is set forth in the opinion that accompanied the order. A copy of that opinion is appended hereto and forwarded to Pennsylvania Commonwealth Court with the record.