**Spahn v. Philadelphia Zoning Bd. of Adjustment**

*Gary Spahn*, for pro se.
*Glen D. Kimball* and *William H. Ewing,* for appellees.

## OPINION AND ORDER

FOX, *J.*, September 8, 2010—Gary Spahn (Spahn) has appealed a decision of the Philadelphia Zoning Board of Adjustment (ZBA) which granted dimensional variances for the construction of two single-family dwellings at property located 756-760 S. Chadwick St. (property). The owners of the property, Chadwick Street Properties, L.P. (Chadwick) have intervened.

## FACTUAL AND PROCEDURAL SUMMARY

Chadwick applied to the Department of Licenses and Inspections (L&I) for a zoning and use registration to allow for the relocation of lot lines to create two lots from three and to erect two new single-family dwellings on the property. The application was refused for the following reasons:

- Proposed building height 41'2" exceeded maximum allowed 35 feet

- Proposed four stories exceeded maximum allowed of three

- Proposed lot sizes were less than required

- Proposed open area was 216 ft.; 324 ft required.

- Proposed side yard less than the required 5 feet

An appeal was filed to the ZBA. In addition to the variance requested, Chadwick requested a certificate to allow curb cuts for parking purposes. The Zoning Board Examiner discovered errors in the refusal and issued a corrected refusal. The revised refusal changed the zoning designation from R-10 to R-10A. This change increased the disparity between proposed plan and the dimensional minimums required under the Zoning Code.

A public hearing was held on August 26, 2009. Counsel for Chadwick and its architect appeared before the ZBA. Spahn appeared and testified in opposition to the variance request. All were given ample opportunity to testify. The ZBA received letters from city council President Anna C. Verna and the South of South Neighborhood Association.

Both indicated that the opinions of the neighbors were mixed and therefore neither took a position on the application. The Philadelphia Planning Commission voiced no objection to the requested variances and the requested parking certificate. The board granted the variances and the parking certificate. Spahn filed this timely appeal. The court received the certified record from the ZBA and its findings and conclusions. Briefs were submitted and the court heard oral argument.

## DISCUSSION

The ZBA found that Chadwick met its burden and established that a literal enforcement of the provisions of the Zoning Code would result in an undue hardship. The ZBA concluded an unnecessary hardship would result in that the small size of the existing lots made it impractical to construct dwellings without the requested variances. Further the ZBA found that the shape and size of the lots were unique. Finally, the ZBA found that the record, as a whole, established that Chadwick met all the requirements for the approval of the variances and the issuance of the Parking Certificate.

The standard of review is deferential to the ZBA. Where no further evidence is gathered, the court limits its scope of review to, "whether the board committed a manifest abuse of discretion or an error of law." *Valley View Civic Ass'n. v. Zoning Bd. of Adjustment*, 501 Pa. 550, 554, 462 A.2d 637, 639 (1983). The board commits an abuse of discretion if its decision is not based upon "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id* at 555, 462 A.2d at 640. When the reviewing court considers no further evidence,

"questions of credibility and evidentiary weight are solely the province of the zoning hearing board." *Whitpain Township Bd. of Supervisors v. Whitpain Township Zoning Hearing Bd.*, 550 A.2d 1355 (1988). Thus, it is the ZBA who establishes whether relevant evidence exists to meet all the necessary factors. The reviewing court does not alter the board's conclusion unless it is not supported by substantial evidence. *View Civic Ass'n.* at 559, 462 A.2d at 642.

The ZBA may grant a variance if there is no conflict with the public interest and if the circumstances of the area are such that a "literal enforcement of the provisions of this [code] would result in unnecessary hardship." Philadelphia Zoning Code § 14-1801(1). The burden is on the party seeking the variance. A variance is granted only if the reasons are "substantial, serious and compelling." *Valley View Civic Ass'n.* at 555, 462 A.2d at 640. The three key requirements set forth by § 14-1802(1) of the code are: "1) unique hardship to the property; 2) no adverse effect on the public health, safety or general welfare; and 3) the variance is the minimum necessary to afford relief." *E. Torresdale Civic Ass'n v. Zoning Bd. of Adjustment* at 324, 639 A.2d 446, 447 (1994).

Hardship is proven by showing that "(1) the physical features of the property are such that it cannot be used for the permitted purpose; or (2) that the property can be conformed for a permitted use only at a prohibitive expense; or (3) that the property has no value for any purpose permitted by the zoning ordinance." *Hertzberg v. Zoning Bd. of Pittsburgh*, 554 Pa. 249, 257, 721 A.2d 43, 47 (1998) (citing *Allegheny W. Civic Council v. Zoning Bd. of Pittsburgh*, 547 Pa. 163, 167, 689 A.2d 225. 227

126

(1997). The party seeking the variance must also prove that the hardship is "unique or peculiar to the property as distinguished from a hardship arising from the impact of zoning regulations on an entire district." *Valley View Civic Ass'n.* at 555, 462 A.2d at 640. When deciding whether to grant a variance, all evidentiary factors as a whole must be taken into consideration, including "relationship to adjacent structures, as well as the surrounding neighborhood." *W. Cent. Germantown Neighbors v. Zoning Bd. of Adjustment,* 827 A.2d 1283, 1288 (Pa. Commw. Ct. 2003).

Mr. Spahn resides at 745 S. 17th St. and shares an alley to the rear of his property with the Chadwick property (the three lots). He argued that the proposed plan has substantially less open space than the 30 percent required in a R-10A zoned area. The additional bulk and the fourth floor will interfere with the peaceful enjoyment of his property. He contends that the properties on this block of Chadwick street are virtually the same size and therefore the hardship is not unique and this is a matter that should not be addressed by the issuance of a variance but by rezoning the district. *Hill District Project Area Committee, Inc. v. ZBA City of Pittsburgh,* 638 A.2d 278 (Pa. Cmwlth). He further argues that even under the liberal interpretation allowed for dimensional variances under *Hertzberg,* the record before the ZBA was insufficient to grant the variances herein. Spahn contends that the ZBA's conclusion that the requested variance is the minimum required to alleviate the demonstrated hardship, is not based on any facts of record or even an analysis of the facts of record.

The Chadwick architect, Mr. LeCompte, testified that the proposed plan is to change three lots into two

and building two, single-family structures. Each house would have a garage. The extra story above the 35 foot limit is only for access to a roof deck and there will be no rooms on that level. This is referred to as a "pilot house" which encloses the stairway leading to the roof deck. The architect further described the lots being too shallow in their existing state to construct single-family dwellings. The existing lots are only 13'4" wide and 60' deep. Thus the proposal to convert the three lots into two. However, as testified to by the architect, the newly aligned two lots are also not sufficient without a variance to build single family dwellings in compliance with the open space requirements of the Zoning Code. He explained that Chadwick wanted to build single family dwellings that were usable as such by today's standards.

This court finds neither abuse of discretion nor an error of law in the findings and conclusions of the ZBA. The ZBA findings and conclusions are supported by substantial evidence. The ZBA heard substantial evidence regarding the lots in question and Chadwick's proposed plans. Although Spahn argues that the ZBA failed to establish that the variances were the minimum necessary to alleviate hardship, this court disagrees. A review of the entire record establishes facts sufficient to reach the ZBA's conclusions. Chadwick's plans clearly are within the philosophy of open space.

## ORDER

And now, this September 8, 2010, upon consideration of the appeal of Gary Spahn from the decision of the Philadelphia Zoning Board of Adjustment, the responses thereto, a thorough full review of record, the Zoning

Board's findings and conclusions, briefs submitted and after oral argument, it is hereby ordered and decreed that said appeal is denied and the decision of the Philadelphia Zoning Board of Adjustment is affirmed.

## ADDENDUM TO OPINION

Theodore Stones has appealed this court's order of September 8, 2010, which affirmed the Zoning Board of Adjustment.

The basis for this court's decision is set forth in the opinion that accompanied the order. A copy of that opinion is appended hereto and forwarded to Pennsylvania Commonwealth court with the record.