10 A.3d 381 (2010)
Michael POOLE, Joanne Perrone, John Scott and Barbara Tarnoff
v.
ZONING BOARD OF ADJUSTMENT OF the CITY OF PHILADELPHIA, City of Philadelphia and Moyer Logistics, Inc.
Appeal of: John Scott.
No. 1523 C.D. 2009.
Commonwealth Court of Pennsylvania.
Argued October 12, 2010.
Decided November 24, 2010.
*382 Stanley R. Krakower, Philadelphia, for appellant.
Reed D. Lyons, Philadelphia, for appellee, Moyer Logistics, Inc.
BEFORE: COHN JUBELIRER, Judge, and McCULLOUGH, Judge, and KELLEY, Senior Judge.
OPINION BY Senior Judge KELLEY.
John Scott (Objector) appeals from the June 30, 2009 order of the Court of Common Pleas of Philadelphia County (trial court) affirming the decision of the Zoning Board of Adjustment of the City of Philadelphia (Board) granting Moyer Logistics, Inc. (Moyer) zoning variances for the residential development of property located at *383 412-24 Moyer Street, Philadelphia, Pennsylvania.[1] We vacate and remand.
Moyer is the developer of property located at 412-24 Moyer Street in the City of Philadelphia. The property is zoned as L-4 Limited Industrial District and is within the "North Delaware Avenue Special Control District". The property in question is 11,500 square feet. It is surrounded by the R-10A Residential District. In 1979, the property had been approved for use as a scrap metal warehouse. Recently, an automobile repossession yard has operated at said location, which is not an approved use.
Moyer applied for a use permit from the City, Department of Licenses and Inspections (L & I) on January 23, 2008, to demolish an existing structure and erect 8 structures for use as 14 residential units with accessory roof decks and garage parking. Six of the 8 proposed structures are 4 stories in height (approximately 46 feet). Each structure would contain 2 residential units and 2 parking spaces. The remaining 2 structures are 3 stories in height (approximately 35 feet). Each of these 2 structures would contain a single residential unit with one parking space. The property has frontage along Moyer Street and extends towards Flora Street. The proposed structures are placed perpendicular to Moyer and Flora Streets with a private driveway created in the middle. The driveway to the development will be accessed by a 22 foot curb cut.
On February 17, 2008, the L & I refused Moyer's application for a permit for the following reasons: (1) Section 14-506(1)(a)(.1) of the Philadelphia Zoning Ordinance prohibits the proposed use in the L-4 Limited Industrial District; (2) Section 14-113 of the Philadelphia Zoning Ordinance prohibits multiple uses or structures on a single lot; (3) Section 14-1405 of the Philadelphia Zoning Ordinance requires 2 off street loading spaces in an industrial district; and (4) the proposed rear yard depth was too small under the residential district requirements. Moyer appealed L & I's refusal to the Board on February 20, 2008.
A public hearing was held before the Board on March 26, 2008. Based on the evidence presented, the Board concluded as follows:
After a review of the record and in consideration of the evidence presented, the Board finds that [Moyer] has adequately meet (sic) the criteria contained in § 14-1802 of the Zoning Code. The Subject Property in its current form and use is inconsistent with the character of the neighborhood and generally detrimental to its welfare. [Moyer] has shown a willingness to significantly modify his proposed use of the property to accommodate the community. The current proposal is not beyond the size, scope or character of the surrounding neighborhood. The proposal will remove a blighted building from the neighborhood and eliminate a current illegal use of the property. In its place will be sustainable residential housing consistent with the remainder of the neighborhood. Therefore, the application is granted for the stated reasons.
Objector appealed the Board's decision to the trial court which affirmed. This appeal followed.[2]
*384 Herein, Objector's issues can be consolidated into three main issues:[3]
1. Whether Moyer provided evidence of a substantial hardship.
2. Whether Moyer provided evidence that the requested variances constituted the minimum variances necessary to alleviate any alleged hardship.
3. Whether Moyer provided evidence that the property could not be reasonably used in accordance with the L-4 Limited Industrial District.
The reasons for granting a variance must be substantial, serious and compelling. Valley View Civic Association v. Zoning Board of Adjustment, 501 Pa. 550, 462 A.2d 637 (1983). The party seeking the variance bears the burden of proving that an unnecessary hardship will result if the variance is denied and that the proposed use will not be contrary to the public interest. Id. Further, the Pennsylvania Supreme Court has concluded that when confronted with the question of whether a variance should be granted for a property located in Philadelphia, the Philadelphia Zoning Ordinance should be followed as opposed to the Pennsylvania Municipalities Planning Code (MPC).[4]See East Torresdale Civic Association v. Zoning Board of Adjustment of Philadelphia County, 536 Pa. 322, 639 A.2d 446 (1994) (noting that Section 14-1802(1) of the Philadelphia Zoning Ordinance sets forth the specific criteria which the Board must consider); Wilson (affirming this Court's decision and recognizing that the requirements for granting a variance under the Philadelphia Zoning Ordinance and the MPC are coterminous in many respects).
Section 14-1802(1) of the Philadelphia Zoning Ordinance provides the following criteria for consideration:
(a) that because of the particular physical surroundings, shape, or topographical conditions of the specific structure or land involved, a literal enforcement of the provisions of this Title would result in unnecessary hardship;
(b) that the conditions which the appeal for a variance is based are unique to the property for which the variance is sought;
(c) that the variance will not substantially or permanently injure the appropriate use of adjacent conforming property;
(d) that the special conditions or circumstances forming the basis for the variance *385 did not result from the actions of the applicant;
(e) that the grant of the variance will not substantially increase congestion in the public streets;
(f) that the grant of the variance will not increase the danger of fire, or otherwise endanger the public safety;
(g) that the grant of the variance will not overcrowd the land or create an undue concentration of population;
(h) that the grant of the variance will not impair an adequate supply of light and air to adjacent property;
(i) that the grant of the variance will not adversely affect transportation or unduly burden water, sewer, school, park or other public facilities;
(j) that the grant of the variance will not adversely affect the public health, safety or general welfare;
(k) that the grant of the variance will be in harmony with the spirit and purpose of this Title; and
(l) that the grant of the variance will not adversely affect in a substantial manner any area redevelopment plan approved by City Council or the Comprehensive Plan for the City approved by the City Planning Commission.
Philadelphia Zoning Ordinance § 14-1802(1)(a)-(l).
The criteria can be boiled down into three key requirements, that of: 1) unique hardship to the property; 2) no adverse effect on the public health, safety or general welfare; and 3) the variance will represent the minimum variance that will afford relief at the least modification possible. North Chestnut Hill Neighbors v. Zoning Board of Adjustment, 928 A.2d 418 (Pa. Cmwlth.2007) (quoting East Torresdale Civic Association, 536 Pa. at 324-25, 639 A.2d at 447). In evaluating the hardship to the property, the use of adjacent and surrounding land is unquestionably relevant. Valley View Civic Association.
Herein, Objector is not challenging the grant of the use variance by the Board pursuant to Section 14-506 of the Philadelphia Zoning Ordinance to the extent that it changes the use of the subject property from industrial to residential. Based on the record, we agree that the Board's findings that the variance is not out of character with the general neighborhood and not contrary to public interest are supported by substantial evidence. The Board specifically found that the subject property, while zoned L-4 Limited Industrial, is surrounded by R-10A residential properties. The Board found further that the existing structure is blight on the neighborhood and the original zoned industrial use lacks meaningful context given the existing residential nature of the area. The Board concluded that the subject property in its current form and use is inconsistent with the character of the neighborhood and is a general detrimental to the neighborhood's welfare. In accordance with the law, the Board properly considered the use of the surrounding neighborhood as solely residential in concluding that Moyer had established the key requirements in order to be granted a use variance. See Valley View, 501 Pa. at 559, 462 A.2d at 644 ("It would not be unreasonable to infer that a [residential] property [surrounded by extensive commercial and industrial uses] would be undesirable and hence unmarketable for residential use.")
However, Moyer requested three additional variances in conjunction with the use variance. In addition to the use variance, Moyer requested variances from: (1) Section 14-113 of the Philadelphia Zoning Ordinance prohibiting multiple uses or structures on a single lot; (2) Section 14-1405 of the Philadelphia Zoning Ordinance requiring 2 off street loading spaces in an *386 industrial district; and (3) the residential district minimum rear yard depth requirement. While the Board set forth in its findings a summary of Moyer's proposed residential development plan, the Board failed to provide any finding of fact that addresses any of the criteria supporting the decision to grant the foregoing three variances.[5] The Board did not provide any explanation for its reasoning. While the Board's decision recognized the legal framework for granting variances, it did not make any factual findings or explain how those facts led it to determine that unnecessary hardship exists, that there is no public detriment, and that Moyer sought the minimum variance required in order to obtain relief with respect to these three variance requests.
Thus, a remand is necessary so that the Board may address and make specific findings with respect to whether Moyer established the requirements for the remaining three requested variances.[6] Accordingly, the order of the trial court is vacated and the matter is remanded to the trial court, with specific instructions to remand the matter to the Board, for further findings consistent with this opinion.

ORDER
AND NOW, this 24th day of November, 2010, the order of the Court of Common Pleas of Philadelphia County entered in the above-captioned matter is vacated and this matter is remanded to the Court of Common Pleas, with specific instructions to remand the matter to the Zoning Board of Adjustment of the City of Philadelphia, for further findings consistent with this opinion.
Jurisdiction relinquished.
NOTES
[1] Michael Poole, Joanne Perrone, Barbara Tarnoff, the Board and the City of Philadelphia were precluded by this Court from filing briefs and participating in oral argument by order of June 28, 2010.
[2] In an appeal from the grant or denial of a zoning variance where, as here, the trial court has not taken any additional evidence, this Court's scope of review is limited to a determination of whether the zoning hearing board committed an error of law or abused its discretion. Hill District Project Area Committee, Inc. v. Zoning Board of Adjustment of the City of Pittsburgh, 162 Pa.Cmwlth. 323, 638 A.2d 278, petition for allowance of appeal denied, 538 Pa. 629, 646 A.2d 1182 (1994). An abuse of discretion will only be found where the zoning board's findings are not supported by substantial evidence. Id. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Teazers, Inc. v. Zoning Board of Adjustment of the City of Philadelphia, 682 A.2d 856 (Pa.Cmwlth.1996).
[3] Objector raised for the first time on appeal to the trial court and on appeal to this Court, the issue of whether the proposed development fails to comply with the formal requirements of a subdivision pursuant to the Philadelphia Zoning Ordinance. However, an issue must be raised before the Board in order to preserve it for appeal. See Pa. R.A.P. 1551 (No question shall be heard or considered by the Court which was not raised before the government unit.). By raising this issue for the first time with the trial court on appeal, Objector has waived it.
[4] Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §§ 10101-11202. The Supreme Court has noted that the MPC "enables local municipalities to enact and enforce zoning ordinances" and that Philadelphia "is not covered by the MPC and has enacted its own zoning ordinance." Wilson v. Plumstead Township Zoning Hearing Board, 594 Pa. 416, 422, 936 A.2d 1061, 1064 (2007).
[5] We note that while the trial court engaged in a thorough analysis of this matter on appeal and held that substantial evidence existed to support the Board's decision to grant all of the variances requested by Moyer, the trial court was not sitting as the fact finder.
[6] While Moyer claims the property in question suffers from a substantial hardship due to its "spot zoning," such claim is misplaced. This Court has described the term "spot zoning" as a "singling out of a small lot for different treatment from that accorded to neighboring lands, indistinguishable in character, for the economic benefit or detriment of the owner of the lot." McGonigle v. Lower Heidelberg Township Zoning Hearing Board, 858 A.2d 663, 672 (Pa.Cmwlth.2004). The matter before the Board was an application for a use permit to demolish an existing structure and erect 8 structures for use as 14 residential units with accessory roof decks and garage parking. There is nothing in the record suggesting that Moyer was challenging the zoning ordinance on the basis of spot zoning or that Moyer ever requested that the property be rezoned even though Moyer's original development plan dates back to 2005.