# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zelienople Borough,                          :
                          Appellant          :
                                             :
          v.                                 :
                                             :
Zelienople Borough Zoning Hearing            :    No. 671 C.D. 2019
Board and Thomas G. Myers                    :    Submitted: May 15, 2020


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                  FILED: June 23, 2020


Zelienople Borough (Borough) appeals from the Butler County Common Pleas Court's (trial court) April 17, 2019 order affirming the Zelienople Borough Zoning Hearing Board's (ZHB) decision granting Thomas G. Myers' (Applicant) application for a use variance. The Borough presents four issues for this Court's review, whether the record evidence established: (1) the requisite unnecessary hardship; (2) that the unnecessary hardship was not self-created; (3) that the use variance would not alter the essential character of the neighborhood nor be detrimental to the public welfare; and (4) that the use variance is the minimum relief necessary. After review, we affirm.

On March 28, 2018, Applicant filed an application with the ZHB requesting a use variance to construct a single-story duplex dwelling on two vacant parcels of property located on South Jefferson Street in the Borough (Application). The two lots, 550-S2-BC8 (BC8) and 550-S2-BC9A (BC9A) (Properties), are currently separate parcels, but Applicant proposed to combine them into a single lot

for purposes of effectuating the requested variance. The Properties are located in an R-3 Urban Residential Zoning District (R-3 District). A duplex is neither a permitted nor a conditional use in an R-3 District under the Borough Zoning Ordinance (Ordinance). On April 25, 2018, the ZHB held a public hearing, at which time the ZHB orally voted to approve the Application, subject to certain conditions. A written notice of the decision dated April 26, 2018, followed thereafter to Applicant. On May 21, 2018, the Borough appealed from the ZHB's decision to the trial court. On April 17, 2019, the trial court dismissed the Borough's appeal. The Borough appealed to this Court.[1]

Initially, it is axiomatic that "zoning ordinances are to be liberally construed to allow the broadest possible use of land." *Light of Life Ministries, Inc. v. Cross Creek Twp.*, 746 A.2d 571, 573 (Pa. 2000) (quoting *Upper Salford Township v. Collins*, 669 A.2d 335, 336 (Pa. 1995)). Section 1502.4 of the Ordinance provides:

> The [ZHB] may grant a [v]ariance provided the following findings are made **where relevant** in a given case:
>
> A.    that **there are unique physical circumstances or conditions**, **including irregularity**, **narrowness**, or shallowness **of lot size or shape**, or exceptional topographical or other physical conditions peculiar to the particular property, and that **the unnecessary hardship is due to such conditions**, and not the circumstances or conditions generally created by the provisions of the [] [O]rdinance in the neighborhood or district in which the property is located;
>
> B.    that because of such physical circumstances or conditions, there is no possibility that the property can be

---

[1] "In an appeal from a court of common pleas' order affirming a decision of a zoning hearing board, where the common pleas court takes no additional evidence, our review is limited to considering whether the zoning hearing board abused its discretion or erred as a matter of law." *DiMattio v. Millcreek Twp. Zoning Hearing Bd.*, 147 A.3d 969, 974 (Pa. Cmwlth. 2016). "The zoning hearing board abuses its discretion when it issues findings of fact that are not supported by substantial record evidence[.]" *Id.*

2

developed in strict conformity with the provisions of the [] [O]rdinance and that **the authorization [] of a [v]ariance is therefore necessary to enable the reasonable use of the property**;

[C]. that such unnecessary hardship has not been created by the [applicant];

[D]. that the [v]ariance if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor of adjacent property, nor be detrimental to the public welfare; and

[E]. that the [v]ariance, if authorized, will represent the minimum [v]ariance that will afford relief and will represent the least modification possible of the regulation in issue. In granting any [v]ariance, the [ZHB] may attach such reasonable conditions and safeguards as it may deem necessary to implement the purposes of this act and the [] [O]rdinance.

Ordinance 779, *as amended*, § 1502.4 (emphasis added).

The Borough first argues that the record evidence is insufficient to establish the requisite unnecessary hardship. Specifically, the Borough contends that the record is devoid of any description of the Properties' physical features or an explanation of how any unique features might prevent Applicant from utilizing the Properties for a use permitted under the Ordinance, and there is insufficient record evidence to support the finding that the Properties can conform to the permitted use of a single-family residence only at a prohibitive expense. Applicant rejoins that the evidence establishes that, due to the unique physical features of the lots, the only way to make reasonable use of the Properties is to consolidate the lots, and the Properties cannot be reasonably used for any of the permitted or conditionally permitted uses in the R-3 District.

[The Pennsylvania Supreme] Court has repeatedly made clear that in establishing hardship, an applicant for a variance is *not required* to show that the property at issue is valueless without the variance or that the property cannot be

3

used for any permitted purpose. On several occasions, we have reversed the Commonwealth Court when it had relied on such a standard for unnecessary hardship in reversing the grant of a variance. Showing that the property at issue is 'valueless' unless the requested variance is granted 'is but one way to reach a finding of unnecessary hardship; it is not the only factor nor the conclusive factor in resolving a variance request.' Rather, 'multiple factors are to be taken into account when assessing whether unnecessary hardship has been established.'

*Marshall v. City of Phila.*, 97 A.3d 323, 330 (Pa. 2014) (citations omitted) (quoting *Hertzberg v. Zoning Bd. of Adjustment of the City of Pittsburgh*, 721 A.2d 43, 48 (Pa. 1998)). "It is the function of the [ZHB] to determine whether the evidence satisfies the criteria for granting a variance. The [ZHB], as fact-finder, is the sole judge of credibility." *Marshall*, 97 A.3d at 331 (citation omitted).

Here, Applicant testified:

Q Would you describe the property that's immediately north of these two lots?

A Immediately north, now, that's the –

Q That's the [American] Legion parking lot, is it not?

A Yeah. Yeah. It's a parking lot. And that's a [Central Business District] parking lot.

Q And then just immediately south of this, it's a –

A There is a – there is a rental, four-unit or five-unit rental building. So I'm really putting this in between the parking lot and that rental building, the yellow brick rental building.
. . .

Reproduced Record (R.R.) at 32a. Applicant further related:

Q And [Applicant], the two lots, the lot BC8 is 50 by 140. Could you reasonably put a single family home on that? In this zoning district, the R-3 [District], the permitted use is a single[-]family residence. There are conditional uses, funeral home, school –

4

A Trailer.

Q -- mobile home park. But these lots certainly don't fit into that character. The only thing you could really do under the [] [O]rdinance here is put a single[-]family home. Is it practical to put a single[-]family home on a 50 by 140 lot?

A Well, I mean just on the setbacks that are required now, the width of the home would be like 20 feet. You know, so – and the one is under 6,000 square feet. And under the -- and under the current R – what is it, R-3 [District], the lot has to be at least 6[,]000 square feet to put a single[-]family home on it. So, they would – . . . they would have to come back to the [ZHB] and ask for a variance both on the set[]backs and the size of the lot. And then, you know, I don't know what kind of a – I mean I guess you could put a small home, [a] real small home on each one.

. . . .

Q Why not just buy both lots and put one single[-]family home on both lots?

A Well you could do that. Somebody could do it. It's been up [for sale] for four years and nobody's done that. And there is a lot of cost involved. Because the cost of the lot and single[-]family home, you're going to be in the $300,000[.00] range. And the question is, is somebody going to put that kind of money in that location in Zelienople. You know, and I don't know the answer to that.

R.R. at 33a-34a.

The ZHB made the following relevant findings of fact:

9. Parcel BC8 is 50' x 145' x 49' x 145' or 7,154 square feet.

10. Parcel BC9[A] is 44' x 131' x 44' x 130', or 5,720 square feet.

11. The proposed dwelling is 850 square feet per unit, or 1,700 total square feet.

5

12.	The cost of construction would be approximately $340,000.00.

13.	The [P]roperties are bounded on the north by an American Legion Parking Lot; on the south by a 4 or 5[-]unit rental property.

14.	The lots have unique physical characteristics in that they are long, narrow, and irregular in shape.

15.	In order to build on the lots, variances would need to be granted as follows:

A.	Lot [BC]9A consists of 5,714 square feet and is less than the required 6,000 square feet for construction of a dwelling.

B.	Lot [BC]9A only has 44 feet at the building line instead of the required 60 feet under the Ordinance.

C.	Lot [BC]8 is only 50 feet at the building line instead of the required 60 feet under the Ordinance.

D.	As a result of the above, the lots would also require building setback variances.

16.	The authorization of a variance is necessary for the reasonable use of the [P]ropert[ies].

. . . .

22.	The characteristics of the area where the lots are located, the variances needed for development and the length of time that the lots have been for sale, including the variances required for development, show that the lots either have no value, or a distressed value.

R.R. at 61a-62a.	The ZHB determined: "Denying the variance will render the [P]ropert[ies] of little or no value, not capable of reasonable development, and will cause economic hardship to [] Applicant."[2]	R.R. at 63a.

_____

[2] The Dissent contends: "Applicant failed to show that he cannot develop the larger consolidated lot in strict conformity with the zoning ordinance without suffering an unnecessary hardship." *Zelienople Borough v. Zelienople Borough Zoning Hearing Bd.* (Pa. Cmwlth. No. 671

6

"We may conclude that the [ZHB] abused its discretion only if its findings are not supported by substantial evidence, which [the Pennsylvania Supreme Court] ha[s] defined as 'relevant evidence which a reasonable mind would accept as adequate to support the conclusion reached.'" *Marshall*, 97 A.3d at 331 (quoting *Twp. of Exeter v. Zoning Hearing Bd. of Exeter Twp.*, 962 A.2d 653, 659 (Pa. 2009)). Because the ZHB's conclusion "was within the bounds of reason and therefore represented a sound exercise of discretion[,] . . . [t]here was no abuse of discretion here." *Marshall*, 97 A.3d at 334 (quoting *E. Torresdale Civic Ass'n v. Zoning Bd. of Adjustment of Phila. Cty.*, 639 A.2d 446, 447 (Pa. 1994)).

The Borough next argues that record evidence did not establish that the hardship was not self-created. Specifically, the Borough contends that the hardship is unrelated to the physical characteristics of the Properties; rather, Applicant's desire to construct a duplex dwelling on the Properties caused the hardship.

Based on Applicant's above-quoted testimony, the ZHB found as a fact: "Applicant did not create the unnecessary hardship." R.R. at 61a. This Court agrees.

Applicant's desire to construct a duplex dwelling

> did not create a self-inflicted hardship forcing [Applicant] to seek [the] variance[] . . . . Instead, the evidence [] advanced showed that [the] variance[] w[as] sought to overcome the hardships present from the Propert[ies'] [dimensions] and location near the [American Legion parking lot and the apartment building]. [Applicant] explained that the natural features of the Propert[ies] prevented the construction of [a single-family] dwelling, and [Applicant] stated that without zoning relief, [each lot] had only a small building envelope to construct a residence, a use that was otherwise permitted in the Propert[ies'] [R-3 D]istrict. It is apparent that the hardship resulted from the natural conditions of the Propert[ies] rather than by

C.D. 2019, filed June 23, 2020) (Brobson J., dissenting), slip op. at 1. However, the above-quoted testimony is substantial evidence supporting the ZHB's above-quoted findings of facts establishing said hardship.

7

[Applicant's desire to construct a duplex dwelling], and []
the [ZHB] . . . [did not] err[] in making this determination.

*Solebury Twp. v. Solebury Twp. Zoning Hearing Bd.*, 914 A.2d 972, 977 (Pa. Cmwlth. 2007).

Next, the Borough asserts that Applicant did not present any evidence to establish that the use variance would not alter the essential character of the neighborhood nor be detrimental to the public welfare.

To the contrary, Applicant testified:

Q  If you put a duplex there, . . . would that be consistent with the other dwellings that are in that [R-3 D]istrict?

A  Well, I mean, it would look very similar to what's there. Because you'd have a thousand square feet on each side with a garage in the front.  It would just – it would be nice. It would be nice looking.  You know, right now, it's just an empty lot.  It would be as nice [] looking as the apartment building that it's going to be right next to it [sic].  And I think, you know, there [are] a lot of smaller homes on that street . . . .  So I think it would be in line with what's in the neighborhood now and across the street as well.

R.R. at 34a.

The ZHB found as a fact: "The variance will not change the essential character of the neighborhood, nor will it impair the appropriate use or development of adjacent properties, and it will not be detrimental to the public welfare."  R.R. at 61a.  Because the record evidence reveals that the ZHB's conclusion "was within the bounds of reason and therefore represented a sound exercise of discretion[,] . . . [t]here was no abuse of discretion here."  *Marshall*, 97 A.3d at 334 (quoting *E. Torresdale Civic Ass'n*, 639 A.2d at 447); *see also Liberties Lofts LLC v. Zoning Bd. of Adjustment*, 182 A.3d 513, 537 (Pa. Cmwlth. 2018) (holding "[n]o error is apparent in the [zoning board of adjustment's] determination that [a]pplicant's proposed use will not adversely affect the public safety, health or general welfare and will not

8

permanently injure the use of adjacent conforming properties"); *Domeisen v. Zoning Hearing Bd. of O'Hara Twp.*, 814 A.2d 851, 858 (Pa. Cmwlth. 2003) (holding "[w]e will not disturb the [zoning hearing board's] finding of fact, which is supported by the record[,]" that the variance would not be detrimental to the public welfare).

Finally, the Borough argues that the record evidence did not establish that the use variance is the minimum relief necessary. This Court has explained:

> [The] minimization requirement contained in both the [Pennsylvania Municipalities Planning Code[3] (]MPC[)] and the [Ordinance] appears to pertain more to dimensional variance requests. . . . The rule of minimization has clear application in the context of a dimensional variance, because an applicant should be entitled to a modification of a dimensional zoning requirement only to the extent necessary to grant relief. Otherwise, an adjudicator or reviewing court could provide relief that goes beyond the necessity of curing an unnecessary hardship under the applicable zoning ordinance. In the context of a use variance, the criteria other than the minimization requirement serve the purpose of placing restrictions on the exercise of a zoning board's inherent power to exercise discretion in the granting of a variance.[4]

*Paganico v. Zoning Hearing Bd. of Municipality of Penn Hills*, ___ A.3d ___, _____ (Pa. Cmwlth. No. 9 C.D. 2019, filed February 24, 2020), slip op. at 6-7 (emphasis omitted) (quoting *S. of S. St. Neighborhood Ass'n v. Phila. Zoning Bd. of Adjustment*, 54 A.3d 115, 124 (Pa. Cmwlth. 2012)).[5]

---

[3] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

[4] This Court recognizes that, since the Borough has the Ordinance, the MPC is not expressly implicated. However, like Section 910.2 of the MPC, added by Section 89 of the Act of December 21, 1988, P.L. 1329, No. 170, 53 P.S. § 10910.2, Section 1502.4 of the Ordinance begins: "The [ZHB] may grant a [v]ariance provided the following findings are made where relevant in a given case . . . ." Ordinance 779, *as amended*, § 1502.4

[5] *South of South Street Neighborhood Ass'n* was disapproved on other grounds by *Scott v. City of Philadelphia Zoning Board of Adjustment*, 126 A.3d 938 (Pa. 2015).

Nevertheless, the *Paganico* Court expounded: "[A]lthough a minimum variance is difficult to assess in use variance cases compared to dimensional variance cases, [the applicant] has satisfied that requirement herein." *Paganico*, slip op. at 7. The same is true in the present case. The ZHB found as a fact herein: "The variance is the minimum variance necessary to make a reasonable use of the lot[s]." R.R. at 61a. Allowing a duplex on two lots after they are combined into one does not increase the density of use over the permitted single-family home on each of the two lots. Since single-family homes cannot be built on the two undersized lots, allowing a single duplex on the larger merged lot is the minimum variance necessary to afford relief. Because a use variance marks a qualitative rather than a quantitative departure from an existing ordinance, Applicant's above-quoted testimony is sufficient to support the ZHB's conclusion that the variance granted herein was the minimum necessary to afford relief. *Paganico*; *see also In re Appeal of Redeemed Christian Church of God, Living Spring Miracle Ctr., Inc.* (Pa. Cmwlth. No. 930 C.D. 2015, filed December 28, 2016); *Oakbrook Fire Co. No. 14 Relief Ass'n v. City of Reading Zoning Hearing Bd.* (Pa. Cmwlth. No. 697 C.D. 2013, filed January 8, 2014).[6]

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[6] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zelienople Borough,                    :
                 Appellant       :
                                  :
         v.                       :
                                    :
Zelienople Borough Zoning Hearing      :       No. 671 C.D. 2019
Board and Thomas G. Myers              :

## O R D E R

AND NOW, this 23rd day of June, 2020, the Butler County Common Pleas Court's April 17, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge

Zelienople Borough,                                   :
                          Appellant        :
                                                      :
              v.                                      :    No. 671 C.D. 2019
                                                      :    Submitted:  May 15, 2020
Zelienople Borough Zoning Hearing     :
Board and Thomas G. Myers             :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*

**DISSENTING OPINION**
**BY JUDGE BROBSON**                    **FILED:  June 23, 2020**


Thomas G. Myers (Applicant) wishes to consolidate two small and irregularly shaped lots (Lots BC8 and BC9A) into a larger, regularly shaped lot that will span approximately 13,000 square feet, or 1/3 of an acre.  Applicant then wishes to build a single-story duplex on the consolidated lot, which is not permitted under the current zoning ordinance for the R-3 District.  Because Applicant failed to show that he cannot develop the larger consolidated lot in strict conformity with the zoning ordinance without suffering an unnecessary hardship,[1] I would reverse the decision

---

[1] In response, the majority contends that the testimony of Applicant serves as substantial evidence to refute the dissent's position. (Maj. Op. at 6, n.2.)  The testimony the majority relies on, however, actually supports the dissent's position.  When asked about alternative permitted uses other than a single-family home, Applicant testified only to the feasibility of those uses on the

of the Zelienople Borough Zoning Hearing Board, granting Applicant a use variance for the proposed consolidated lot. I, therefore, respectfully dissent.

 

$\overline{\hspace{3in}}$
P. KEVIN BROBSON, Judge

---

smaller, unconsolidated lots. (Reproduced Record (R.R.) at 33a.) With respect to the proposed larger consolidated lot, Applicant did not testify as to all permitted uses. He only testified as to a single-family home use. With respect to placing a single-family home on the proposed larger consolidated lot, Applicant testified that "you could do that. Somebody could do it." (R.R. at 34a.) Although Applicant expressed some concern about the cost and noted how, for up to four years, no one had done it, he nonetheless testified that he did not "know the answer" to the question of whether someone would be willing to invest the amount of money required to erect a single-family home on the proposed larger consolidated lot. (*Id.*) I do not believe this testimony amounts to substantial evidence that a single-family home, or some other permitted use under the ordinance, cannot be built on the larger, proposed consolidated lot without unnecessary hardship.